### WIMBISH *v.* REECE.

RUSSELL, C. J. 1. It is not within the powers of the courts of this State to suspend the operation of sentences imposed in criminal cases.

2. The act of 1913 (Ga. L. 1913, p. 112) provides that "where it appears to the satisfaction of the court that the circumstances of the case and the public good does not demand or require the defendant's incarcera-

tion, said court may mold its sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court, and in such manner and on such conditions as it may see fit, giving the reasons therefor, which shall be made part of the record." From this it appears that a sentence of probation is as much a sentence of the court as is the judgment requiring the convict to serve the period of time fixed by the· sentence in the jail or chain-gang.

3. One serving a sentence on probation in accordance with the terms of the act of 1913, supra, is fulfilling the sentence as effectually as if such time had been spent in jail or employed in working on the chain-gang but for the molding of the sentence by the court "so as to allow the defendant to serve the same outside the confines of the chain-gang, jail, or other place of detention."

4. Where the court so molds its sentence as to allow the convict to serve his sentence outside the confines of the chain-gang or jail under the supervision of the court, although the probation may be revoked, still, if after a hearing the order granting probation is revoked, the time served by the convict under the order and sentence prior to the revocation must be counted in favor of the defendant and deducted from the period of service imposed.

5. It appearing from the evidence in this case that the convict had served under the order of probation from April 10, 1928, to September 24, 1928 (five months and fourteen days), and thereafter, when the order of probation had been revoked, served in the chain-gang from October· 8, 1928, to May 7, 1929 (six months and twenty-nine days), making a period in all of twelve months and thirteen days served outside and inside the chain-gang before the petition for habeas corpus was filed on May 7, 1929, he had completed the original twelve months sentence imposed by the court; and the judge of the superior court did not err in discharging him from the custody of the county warden of Bibb County. *Judgment affirmed. All the Justices concur.*

No. 7231. FEBRUARY 12, 1930.

*John Y. Roberts* and *Charles H. Garrett,* for plaintiff in error. *McClellan & Jacobs,* contra.