### 51372. TAYLOR v. THE STATE.

WEBB, Judge.

Michael Taylor was convicted of theft by deception (Criminal Code § 26-1803) and sentenced to twelve months confinement by the Criminal Court of Fulton County. At the time of sentencing he was serving a probated felony sentence from Fulton Superior Court, and the criminal court specified that the sentence be served consecutively to any probation revocation that might be effected by the superior court. Taylor was returned to the Fulton County jail on April 22, the date of sentencing by the criminal court, and on May 22 the superior court revoked his probation and ordered that the sentences run consecutively. Taylor complains of the criminal court sentence, contending that it should be remolded to specify credit for the time served between date of sentencing and date of probation revocation. The state contends, on the other hand, that the time served should be credited to the superior court sentence. *Held:*

While it is clear that the criminal court could specify that its sentence should run consecutively to the superior court sentence (Code Ann. § 27-2510; *Cozzalino v. Watkins,* 220 Ga. 624 (140 SE2d 875)), we agree with Taylor that the criminal court should also have specified that time served prior to the probation revocation should be credited to its sentence of twelve months to serve. Where probation is revoked, "the time that the defendant has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve." Code Ann. § 27-2713. Hence it was unnecessary for Taylor to be confined from April 22 to May 22 in order to credit that time to the superior court sentence; and if this period of confinement were so credited, Taylor would be serving

"double time." Since the state does not contest the assertion that the time served must be credited to one of the two sentences, we hold that it should be credited to the criminal court sentence. We accordingly reverse and remand with direction that the criminal court sentence be remolded to specify credit for time served between the date of sentencing and date of probation revocation.

*Judgment reversed with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED OCTOBER 7, 1975 — DECIDED OCTOBER 23, 1975.

*Horton J. Greene,* for appellant.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.