## 52328. MAULDIN v. THE STATE.

BELL, Chief Judge.

Defendant, pursuant to his pleas of guilty to two misdemeanor counts, was sentenced during the June 1975 Term of the Superior Court of Fulton County to two 12 months sentences to be served consecutively in a facility under the jurisdiction of the State Board of Corrections but defendant was placed on probation as to the second sentence after the service of the first. On February 20, 1976 defendant was convicted by the Criminal Court of Fulton County of two misdemeanors and sentenced to two 9 month sentences to run concurrently. At the March 1976 Term of the Superior Court of Fulton County the prior probated sentence was revoked and the court ordered 2 months of that sentence to be served consecutively to the sentences adjudged by the Fulton Criminal Court; and after service of the two months, the balance of the sentence was suspended. *Held:*

Code § 27-2502 which applies in misdemeanor as well as felony cases, provides in part: ". . . After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided." The original sentence contained no provision that on revocation of the probated sentence for conviction of another crime that the revoked sentence will be served after service of the subsequent sentence. Thus the trial

judge's action here was clearly a modification or change of the original sentence. Code § 27-2506 grants a trial court jurisdiction to "amend, modify, alter" a misdemeanor sentence "at any time" where the court sentences a defendant to a fine not to exceed $1,000 or to confinement in a correctional institution provided by counties for the maintenance of misdemeanor prisoners. However, under the express terms of the statute, this continuing jurisdiction does not apply when a defendant has been sentenced to serve a misdemeanor sentence in a place under the jurisdiction of the State Board of Corrections. Code § 27-2506 (b). Here the Fulton Superior Court originally sentenced the defendant to confinement in an institution under the jurisdiction of the State Board of Corrections. Consequently since the revocation of probation and the modification or change in the sentence occurred at a different term of court, the superior court lost jurisdiction to change or modify the original sentence and the modification or change is a nullity. We affirm but direct the trial court to modify its judgment of revocation by eliminating that part of the order specifying that the 2 months shall be served after service of the sentences adjudged by the Fulton Criminal Court.

*Judgment affirmed with direction. Clark and Stolz, JJ., concur.*

ARGUED JUNE 7, 1976 — DECIDED JUNE 11, 1976.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.