## 55038, 55039. CRAWFORD v. THE STATE.
### (two cases).

ARGUED JANUARY 4, 1978 — DECIDED JANUARY 26, 1978.

*Robert E. Bach,* for appellant.
*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. Enumerations of error 10 and 12 complain that the court did not "advise the defendant of his rights" prior to testifying. It is unclear whether appellant complains of a failure to repeat the so-called Miranda rights (right to counsel, etc.) or to remind him that he need not answer questions which might tend to incriminate him. The defendant was, however, being questioned by his own counsel, and there was no burden on the court to give cautionary instructions.

2. Count 1 of the indictment charges the defendant with abducting a named witness and "that he did further cause bodily harm to [her] by having carnal knowledge with her forcibly and against her will." The evidence of the victim established the crime, while that of the defendant agreed with her testimony except that he maintained that both the automobile ride and the intercourse were effectuated with her consent. Whether the crime alleged was committed thus became a matter of the intent of the parties. Appellant contends in Enumerations 13, 14, 17 and 22 that references to the rape involve a proscribed injection of other crimes into the trial. As to the evidence, no objection was made at any time. It was not error to read the indictment, to which no objection was interposed, or to state correctly that the state contended the bodily injury inflicted on the victim was a rape. The court also instructed the jury that the defendant was not on trial for any other offense than armed robbery (with the lesser included offenses of robbery and theft by taking) and kidnapping with bodily harm, and that any evidence as to other offenses was admitted solely to illustrate state of mind or motive. The evidence supported the instructions given and the latter, in the absence of a request for a more specific charge, were adequate.

3. Ground 7 complains of the denial of a thorough and sifting cross examination. We have examined the 13 pages of record cited and find not a single instance where the defendant's attorney was inhibited in his cross examination of the state's witness; we are therefore at a loss·to understand the thrust'of this enumeration of error.

4. There was no error in encouraging the jury. to reach a verdict in the language of the "Allen charge" (Allen v. United States, 164 U. S. 492) where proper cautionary instructions were included. *Still v. State,* 142 Ga. App. 312 (4) (235 SE2d 737).

5. To forbid proceedings for revocation of probation until a criminal charge which forms the basis of the revocation petition is disposed of would change the character of the proceedings by requiring substitution of proof beyond a reasonable doubt for slight evidence. *Jackson v. State,* 140 Ga. App. 659 (231 SE2d 554).

6. This defendant, at the time of his arrest, was on probation under a sentence as first offender as provided by Code § 27-2727, which allows further proceedings to be delayed under the Statewide Probation Act. "Upon violation of the terms of probation, or upon conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided." This language permits the trial court to vacate the original probated sentence and "the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing." *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790). It was not error, in case no. 55039, to vacate the original three-year probated sentence for burglary which the defendant was serving at the time of his arrest and, after hearing, enter an adjudication of guilt together with a maximum sentence.

7. It is further contended that the right of the defendant to a thorough and sifting cross examination was abridged in the probation revocation hearing. The court did disallow two questions: How long the prosecutrix had been married and whether she had made similar charges against another person in the past. Code § 38-1704 protects the right of a witness "to be examined only as to relevant matter; and to be protected from

improper questions and from harsh or insulting demeanor." The next section provides for the right of thorough and sifting cross examination. These rights must be balanced against each other. In this hearing before the court without a jury, where the relevance of facts concerning the witness' prior life is at the very least questionable, it was not error to disallow the questions. Cf. *Rooker v. State*, 211 Ga. 361 (4) (86 SE2d 307); *Manor v. State*, 223 Ga. 594 (7) (157 SE2d 431).

*Judgments affirmed in both cases. Smith and Banke, JJ., concur.*