## 58683. STEPHENS v. THE STATE.

BIRDSONG, Judge.

Joe Stephens, III upon his plea of guilty was found guilty of the offense of burglary. Pursuant to the provisions of the Act for Probation for First-Offenders, no adjudication of guilt or sentence was entered but Stephens was placed on probation for five years. Subsequently, Stephens entered a plea of guilty to driving under the influence. At a hearing to consider revocation of the first offender probation, the conviction for driving under the influence as well as evidence of an unlawful sale of a controlled substance to an undercover agent was considered. The trial court entered an order revoking the probation and sentenced Stephens to serve five years. Stephens brings this appeal urging that the trial court erred in refusing to credit him with the time spent on probation, a period of almost a year. *Held:*

Stephens misperceives the purpose of the First Offender Act. The purpose of that Act has been explicated clearly in the case of *State v. Wiley,* 233 Ga. 316, 317-318 (210 SE2d 790). "It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act [Ga. L. 1968, p. 324; Code Ann. § 27-2727 et seq.] is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and [for the first time] a sentence entered. Unlike other probated sentences the defendant is not merely serving his sentence outside the confines of prison, but is serving a period on probation to

determine whether or not the prisoner may be rehabilitated.

"If, by violating the terms of his [first offender period of] probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation then, and only then is he sentenced [for the conviction of the underlying felony offense] to the penitentiary. No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has [finally] been found guilty of committing."

Consistent with this rationale of rehabilitative postponement of a determination of criminal responsibility for a felony and punishment therefor, this court in *Crawford v. State,* 144 Ga. App. 622, 624 (6) (241 SE2d 492), held that a three-year first offender probationary period was unrelated to the authorized period of punishment for a felony conviction of burglary. The probationary period did not limit the court's adjudication of guilt following vacation of a first offender probation, to the length of the first offender term of rehabilitative probation. It was held that the court sentencing for the felony offense was entitled to consider as within its sentencing power any period authorized by law, up to the maximum.

Applying these principles to the instant case, it is apparent that Stephens had never been sentenced for the felony of burglary, but had merely been placed as a first offender upon a rehabilitative trial period of three years, which if successfully transited would have totally removed the legal stigma of the transgression. His failure to refrain from further violations of law resulted in a hearing that removed him from his protected sanctuary. Only then was he found guilty and sentenced to serve a term of five years, a term well within the maximum authorized for the crime of burglary. There could be no credit for time served on probation inasmuch as Stephens had served no time on probation for the offense of burglary. It follows that the trial court did not err in the imposition of a sentence of five years nor in declining to grant, as a matter of right, credit for the period Stephens spent on rehabilitative probation as a first offender.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 17, 1979 — DECIDED NOVEMBER 14, 1979 — REHEARING DENIED NOVEMBER 29, 1979 —

George C. Rosenzweig, for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.