58455, 58456, 58458. SEWELL v. THE STATE
(three cases).
58457. LOGAN v. THE STATE.
58459. TURNER v. THE STATE.

SMITH, Judge.

Appellants, Jack Sewell, William Sewell, Fred Sewell, Ricky Turner and Gerald Logan, were jointly tried for rape and aggravated sodomy. Logan and Jack and William Sewell were convicted of both rape and aggravated sodomy, while Fred Sewell and Turner were convicted on rape alone. Because the trial court erroneously allowed into evidence the confession of Ricky Turner, which incriminated the other appellants, we must reverse their convictions. However, we affirm the conviction of Turner.

At trial, the prosecution played a tape recording of Turner's post-arrest statement to police. In summary, his taped statement was that each of them, specifically naming himself and his four co-defendants, had had sex with the prosecutrix, without her consent and while she was in fear for her life.

Appellants Logan and Jack and William Sewell also made post-arrest statements to police. Jack Sewell said that, on the day in question, he and four others picked up "a prostitute" and later "put her out on I-20" when she requested too much money. William Sewell's statement was that they "picked up two girls" and went to a skating rink. Logan admitted to police that he and four others had had sex with the prosecutrix but claimed it was done with her consent. Fred Sewell made no statement to police. None of the defendants took the stand.

1. Since Turner's confession was not made during the pendency of the alleged conspiracy, it was not admissible against his alleged co-conspirators under the hearsay exception codified in Code § 38-306. *Crowder v. State*, 237 Ga. 141 (227 SE2d 230) (1976).

2. The introduction of the confession was a violation of Turner's co-defendants' constitutional right to confrontation of their adverse witnesses. Bruton v. United States 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). "The defendants who had confessed never offered themselves as

witnesses, so the co-defendants were denied the right to confrontation. Instructions to the jury not to consider the confession as evidence against anyone but the confessor do not remedy the error. *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567)." *Porter v. State,* 143 Ga. App. 640, 643 (239 SE2d 694) (1977).

Aside from the prosecutrix' testimony, Turner's confession was the only evidence that Logan and the Sewells had had coerced sex with her. We can only conclude that there is a reasonable possibility that the admission of Turner's confession affected the trial's outcome for his co-defendants. As to Turner's co-defendants, the conviction must be reversed. Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

3. As to Turner, however, we find no cause for reversal. Even assuming it was a Bruton violation to allow the statements of three of his co-defendants, in light of the prosecutrix' testimony and Turner's confession to police, we cannot believe the violation affected the outcome of the trial as to him.

*Judgment affirmed in case No. 58459. Judgments reversed in case Nos. 58455, 58456, 58457 and 58458. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED JANUARY 25, 1980.

*Joel E. Dodson,* for appellant (Case Nos. 58455, 58456, 58458).

*W. O'Neal Dettmering, Jr.,* for appellant (Case No. 58457).

*J. Clifford Johnson,* for appellant (Case No. 58459).

*W. A. Foster, III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.