### 35921. STEPHENS v. THE STATE.

CLARKE, Justice.

Certiorari was granted to review the judgment of the Court of Appeals in *Stephens v. State,* 152 Ga. App. 591 (263 SE2d 477) (1979).

On March 30, 1978, Stephens entered a plea of guilty to a charge of burglary and was sentenced to five years to be served on probation. The sentence of probation provides the probated sentence will be served under the Act for Probation of First Offenders. The order further provided that in the event the probation was revoked, and sentence imposed, credit would be given for time served on probation.

On February 22, 1979, after notice and hearing, the trial court found Stephens had violated the terms of probation and entered an order adjudicating Stephens guilty of the offense of burglary. A sentence of five years was imposed without credit for time already served on probation.

The Court of Appeals affirmed the trial court's sentence and held that under the Act for Probation of First Offenders, Stephens was not entitled to credit for the

eleven months served on probation.

The Act for Probation of First Offenders, Code Ann. § 27-2727, provides: "Upon a verdict or plea of guilty or a plea of nolo contendere but before an adjudication of guilt, the court may, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation as provided by the Statewide Probation Act [§§ 27-2702 through 27-2726.1]. Upon violation of the terms of probation, or upon a conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided. No person may avail himself of the provisions of this law [§§ 27-2727 through 27-2732] on more than one occasion."

Under the Statewide Probation Act which is incorporated by reference into the first offender law, time served on probation is credited to the sentence imposed at revocation. Code Ann. § 27-2713.

The opinion of the Court of Appeals affirming the sentence relies on *State v. Wiley*, 233 Ga. 316 (210 SE2d 790) (1974), and *Crawford v. State*, 144 Ga. App. 622 (241 SE2d 492) (1978). This court held in *Wiley* that when adjudication of guilt is entered pursuant to § 27-2727, the court may enter "any sentence permitted by law," including a greater sentence than the one originally imposed under the first offender law. *Crawford* extended this rationale to hold a maximum sentence may be entered when first offender probation is revoked. We do not find *Wiley* precludes credit for time served on probation and hereby disapprove the holding in Division 6 of *Crawford* insofar as it leads to a different result.

The original statute allowing for probation in certain criminal cases provided for revocation if the defendant violated certain conditions, but made no reference to whether probation time would be credited to the sentence imposed. Ga. L. 1913, pp. 112, 114. This Act was interpreted in *Wimbish v. Reece*, 170 Ga. 64 (152 SE 97) (1929), to require that time spent on probation prior to a revocation must be deducted from the sentence imposed. The Act of 1966 (Code Ann. § 27-2713) specifically contains the same mandate. "[T]ime that the defendant

has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve."

In *Wiley,* we found the responsibility of a probationer sentenced under § 27-2727 et seq., to be the same as a probationer sentenced under § 27-2702 et seq., even though the probation was only preliminary in nature, and the penalty for violating the terms of probation could be greater. At issue is the effect of the time spent on probation prior to an adjudication of guilt and sentencing. We find the effect should be the same as that set forth in § 27-2713.

A defendant who is serving a term on probation is subject to specified terms and conditions. Code Ann. § 27-2711. While he is not incarcerated, he is nevertheless suffering some loss of liberty. "[A] person occupies a special status while on probation, during which time his private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances." *Inman v. State,* 124 Ga. App. 190, 193 (183 SE2d 413) (1971).

We hold, therefore, that when a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, including cases involving first offender probation.

The state contends any error in refusing to give credit for time served is harmless because a sentence of greater than five years could have been imposed. However, the order of probation, signed by the judge and Stephens, provides that if he violates the conditions of probation "the Court may order the execution of the *sentence which was originally imposed,* or any portion thereof in the manner provided by law after deduction therefrom the amount of time the defendant has served on probation." (Emphasis supplied.) This order was incorporated into the sentencing document. There is nothing in the record to indicate that Stephens was told he could get a higher sentence or that he would not be credited for time served on probation.

If there is any doubt as to the effect of a criminal sentence the defendant will be given the benefit of such

doubt. *Buice v. Bryan,* 212 Ga. 508 (93 SE2d 676) (1956). An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed. *Huff v. McLarty,* 241 Ga. 442 (246 SE2d 302) (1978). Therefore, the maximum time for Stephens on the offense of burglary for which he was originally sentenced was five years. Since the court was not authorized to increase Stephens' sentence when the probation was revoked, the error is not harmless and the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only and Nichols and Marshall, JJ., who dissent.*

ARGUED MARCH 11, 1980 — DECIDED MAY 27, 1980.

*George C. Rosenzweig,* for appellant.

*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.

*Michael R. Johnson, Assistant Attorney General,* amicus curiae.

NICHOLS, Justice, dissenting.

I would continue to follow the decision in *State v. Wiley,* 233 Ga. 316 (210 SE2d 790) (1974). *Wiley* holds that there is a distinction between the probation imposed under the First Offender Statute (Code Ann. § 27-2727) and that imposed under the Statewide Probation Act (Code Ann. § 27-2702 et seq.) The distinction is this: the probation entered under the First Offender Statute is preliminary only, and it is entered with the defendant's consent. The First Offender Statute specifically says that the trial judge may "without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation." Placing a defendant on probation under the First Offender Statute is premised upon the concept of deferral. The first probation is not technically a sentence, rather it is a deferral of any sentence being imposed. This deferral continues so long as the defendant does not violate the

terms of his probation. However, if the defendant fails to meet these terms, the deferral of sentence is ended, and the trial judge may impose any sentence authorized by the original offense. Because of this important distinction, and because the purpose of the First Offender Statute is to give the trial judge wide latitude in dealing with first offenders, I must disagree with the majority's decision and its failure to recognize these factors. I would hold that a sentence imposed upon a first offender after revocation of his probation should not be reduced by the time he served on probation. The sentence should run from the date it is imposed. See 76-16 Op. Atty. Gen. 24. See generally ABA Standards for Criminal Justice, Probation § 1.1 (f) (Approved Draft, 1970). To hold as the majority does obviates any need for a special First Offender Statute in that the effect of the decision is to apply the Statewide Probation Act completely in lieu of first offender treatment.

For the above reasons, I must respectfully dissent.

I am authorized to state that Justice Marshall joins in this dissent.