## 60683. PERDUE v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted at the September term, 1976, for the unlawful possession of marijuana in violation of the Georgia Controlled Substances Act. He entered a plea of guilty. On February 9, 1977, he was sentenced to serve a term of three years. But because he had not been previously convicted of any offense under "The Dangerous Drug Act, the Georgia Drug Abuse Control Act, or The Uniform Narcotic Drug Act, or of any Statute of the United States or of any State relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, the Court, without entering a judgment of guilty, and with the consent of Defendant, under the provisions of Georgia Code Ann., § 79A-9917, Conditional Discharge for Possession as First Offense, . . . (Ga. Laws 1971, p. 271)," deferred further proceedings and allowed defendant to serve this sentence "outside the confines of the penitentiary on probation . . ."

On December 18, 1979, he was again sentenced following his conviction for violation of the Georgia Controlled Substances Act to serve a term of five years, three years within the confines of the penitentiary and two years on probation.

On January 16, 1980, a bench warrant and a petition for order of revocation were then filed against him with reference to the probation sentence of February 9, 1977, contending he had violated the terms of his probation by being found guilty of the offense of violation of the Georgia Controlled Substances Act. After a hearing with reference to this petition to revoke the order of probation, the trial court revoked and set aside the original sentence under the "First Offender Probation Act," and on February 7, 1980, sentenced him to serve a term of five years consecutive to any other sentence presently being served. The sentence was then probated, but it required him to serve two years within the confines of the penitentiary and to be allowed to serve three years outside the confines of said penitentiary on probation.

A motion to vacate and modify this sentence was filed in which defendant contended he was not entitled to the first offender sentence and the sentence of February 7, 1980, was void. The motion came on for hearing on March 10, 1980, and same was denied. Thereafter, the trial court remolded its order setting forth various facts and circumstances surrounding the two sentences involved and held that a previous non-drug felony conviction "would not prohibit [Code §] 79A-9917 application." The court recited in its order that the defendant contended that under the authority of *England v. Newton*, 238 Ga. 534 (233 SE2d 787), the revocation order could not

provide that the sentence given under the revocation order could be made to run consecutively with the intervening sentence. The trial court then held that the instant factual situation is distinguishable from *England v. Newton,* 238 Ga. 534, supra, "in that it did not involve first offender treatment." Whereupon the trial court again denied defendant's motion seeking modification or alteration of the order of revocation and ordered the defendant to serve the new sentence imposed without modification. Defendant appeals. *Held:*

The trial court contends in its remolded order that this case is not controlled by *England v. Newton,* 238 Ga. 534, supra, because that case did not involve first offender treatment. It is true that under the sentence in question the defendant was sentenced to serve a term of three years under conditions as set forth in Code Ann. § 79A-9917 (Ga. L. 1971, p. 271; 1973, p. 688; 1974, pp. 221, 266; 1976, pp. 1083, 1084). The Court may, "without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require," for a period not to exceed 3 years but upon violation of a term or condition "the court may enter an adjudication of guilt and proceed accordingly." Upon fulfillment of the terms such person may be discharged and dismissed without adjudication of guilt, and same "shall not be deemed a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime."

In this instance the indictment did not recite whether it involved a felony or a misdemeanor, that is, in the possession "of one ounce or less." Here the defendant served on probation from February 9, 1977, to February 7, 1980, unless he ceased to serve the probated sentence upon his arrest, incarceration and conviction of December 18, 1979, or his arrest under the bench warrant of January 16, 1980. But under any and all circumstances the so-called first offender (conditional discharge for possession as first offense) sentence was a sentence "to the penitentiary of Georgia for the term of *three (3) years,* said term to commence from this date [February 9, 1977]."

The law is quite clear under such cases as *England v. Newton,* 238 Ga. 534, supra; *Mauldin v. State,* 139 Ga. App. 13 (227 SE2d 862); *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413); *Taylor v. State,* 136 Ga. App. 317 (221 SE2d 224); *Carrindine v. Ricketts,* 236 Ga. 283 (223 SE2d 627); *Stephens v. State,* 245 Ga. 835 (268 SE2d 330) (1980), reversing s.c., 152 Ga. App. 591 (263 SE2d 477), that once a defendant begins serving his sentence it may not be increased, and an attempt to make a revoked probated sentence consecutive to the intervening sentence amounts to an increase in punishment. The original three year sentence cannot be characterized as a mere rehabilitative trial

period. *Stephens v. State,* 245 Ga. 835, supra.

The defendant here, while not incarcerated during the period February 9, 1977, to February 7, 1980, under the original sentence, nevertheless suffered some loss of liberty in that his private life and behavior were regulated by the state, and he was serving a term although on probation. See *Inman v. State,* 124 Ga. App. 190, 193 (2), supra. As a probationer, his time served on probation "must be credited to any sentence received, including cases involving first offender probation." *Stephens v. State,* 245 Ga. 835, 837, supra.

Code Ann. § 79A-9917, supra, discharges and dismisses the court adjudication of guilt only upon fulfillment which did not occur in this case. Accordingly, the enumerations of error with reference to the additional sentence sought to be given the defendant to run consecutively to any other sentence received by the defendant is ordered vacated and set aside. As to what portion of the revoked sentence remains for service in the penitentiary, we do not decide.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted September 5, 1980 — Decided September 22, 1980.

*Kenneth R. Chance,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.