## 37382. LOGAN v. LEE.

UNDERCOFLER, Justice.

Gerald A. Logan appeals from an order denying habeas relief.[1] We reverse.

At the Douglas Superior Court September Term, 1978, Logan was convicted by a jury of rape and aggravated sodomy and sentenced to twenty years, ten years to serve and ten years on probation. The convictions were reversed by the Court of Appeals because of a Bruton error. *Logan v. State,* 153 Ga. App. 177 (264 SE2d 708) (1980).

At the Douglas Superior Court September Term, 1979, while his appeal was pending, Logan negotiated a guilty plea to the same offenses. He was sentenced to twelve years on probation and released from confinement with a provision that "This order shall modify and supersede the sentence and conviction of October 6, 1978." At the time of the plea bargain Logan agreed to dismiss his appeal. However the appeal was not dismissed and the convictions were reversed by the Court of Appeals on January 25, 1980, as noted above.

Thereafter in August, 1980, Logan was charged with a probation violation of his twelve year sentence and arrested. He then brought this habeas corpus petition alleging that this sentence was invalid. The habeas court found the twelve year sentence not a modification of the original twenty year sentence but a new sentence. The habeas petition was denied and this appeal followed.

As the habeas court apparently concluded the twenty year sentence entered at the September Term, 1978, could not be modified after that term had expired absent a timely filed motion to modify. "After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner except as otherwise provided." Code Ann. § 27-2502. It is "otherwise provided" in Code Ann. § 27-2709 and § 27-2713 that the probated portion of the sentence may be revoked or modified at any time during the term of the probated sentence after hearing and finding of probation violation. *England v. Newton,* 238 Ga. 534 (233 SE2d 787) (1977). Accordingly the twelve year sentence, whether construed as a modification of the original sentence or a new sentence, is barred by Code Ann. § 27-2502 and is a nullity.

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

DECIDED MAY 19, 1981.

---

[1] Application to appeal granted March 12, 1981.

*Carpenter, Blum & Taylor, John S. Carpenter, David D. Blum,* for appellant.

*W. A. Foster III, District Attorney, Jeff Richards, Assistant District Attorney,* for appellee.