## 61869. HOWELL v. THE STATE.

SOGNIER, Judge.

1. On October 13, 1978 appellant pleaded guilty to several offenses; pursuant to the provisions of the First Offender Act (Code Ann. § 27-2727 et seq.) he was placed on probation for a period of nine years. On December 12, 1980 a revocation of probation hearing was held; as a result of the hearing appellant's probation was revoked and he was sentenced to 10 years confinement. Howell contends this was error, as the court was not authorized to increase his punishment. The Supreme Court has decided this issue adversely to appellant's contention, *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790); hence, the enumeration is without merit.

2. In his second enumeration of error appellant contends the trial court erred by failing to credit him with time served on probation. We agree, as does the state. Our Supreme Court has held that "when a probationer is sentenced to serve time in a penal

institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, including cases involving first offender probation." *Stephens v. State,* 245 Ga. 835, 837 (268 SE2d 330) (1980). Accordingly, the case is remanded with direction that appellant be credited with the time served on probation.

*Judgment affirmed and case remanded with direction. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 15, 1981.

*Arthur K. Steinberg,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.