## 64907. BEASLEY v. THE STATE.

CARLEY, Judge.

Appellant entered a plea of guilty to the offense of burglary. The trial court, pursuant to the provisions of the First Offender Act (Code Ann. § 27-2727 et seq.), placed appellant on probation for a period of six years with the special condition that he serve fifty-two weekends in jail. Approximately twelve weeks later, an amended probation order was entered, again pursuant to the provisions of the First Offender Act, which showed a probation period of six *months* with the special condition that appellant serve forty-two weekends in community service.

Subsequently, a "petition for adjudication of guilt and imposition of sentence in first offender case" was filed, alleging a violation by appellant of the special condition of his probation. At the time of the filing of the petition, the trial court entered an order requiring appellant to show cause "why he should not be adjudicated guilty and sentence imposed." Following a hearing, appellant's probation was revoked "in accordance with Code Section 27-2713" and he was sentenced to serve a term of four years, the first year to be served in jail, and the remaining three years on probation. Appellant appeals, contending that the court was not authorized to increase his punishment from the amended probation period of six months to a sentence of four years.

As no adjudication of guilt has been made and as no prior sentence has been entered, it is clear that if an individual on probation under the First Offender Act violates the terms of his probation or is convicted for another crime, the trial court may enter an adjudication of guilt and impose any sentence permitted by law for the offense he has been found guilty of committing. *State v. Wiley,* 233 Ga. 316, 318 (210 SE2d 790) (1974); *Howell v. State,* 159 Ga. App. 577 (1) (284 SE2d 82) (1981); *Hogan v. State,* 158 Ga. App. 495 (280 SE2d 891) (1981); Code Ann. § 27-2727 (b).

Thus, in the instant case, had the trial court found a violation of

the terms of appellant's first offender probation *and* entered an adjudication of guilt, a sentence of one year in jail followed by three years on probation would have been permissible punishment for appellant's commission of the offense of burglary regardless of the fact that such a sentence would have been for a period longer than that to be originally served as a first offender probationer. Code Ann. § 26-1601.

Here, however, the trial court determined that appellant had violated the terms of his probation but failed to enter an adjudication of guilt, as provided by The First Offender Act, before sentencing appellant for burglary. Instead, the trial judge, apparently using an incorrect form, merely revoked the original probation "in accordance with Code Section 27-2713" and further sentenced appellant. Code Ann. § 27-2713 does not, of course, require an adjudication of guilt after a finding of a violation of probation, as such an adjudication has already been made at the time of the imposition of the sentence of probation. Code Ann. § 27-2709. It is only pursuant to the First Offender Act that no adjudication of guilt has been made prior to the original period of probation imposed.

We are thus once again faced with the problem of reconciling forms which disregard the essential differences between first offender probation and probation imposed as punishment upon an adjudication of guilt. See Judge Pope's special concurrence in *Johnson v. State,* 161 Ga. App. 506, 509 (288 SE2d 366) (1982). However, in the instant case, unlike *Johnson v. State,* supra, the trial court utilized the proper form and procedure to order appellant to serve the original term of probation under the First Offender Act. Accordingly, unlike *Johnson,* the trial court in the instant case could impose any sentence on appellant permitted by law after finding a violation of the terms of probation and after entering an adjudication of guilt. In this case, the incorrect form was used in connection with the imposition of sentence after a finding of the violation of the terms of probation. Although the trial court "adjudged that the terms of probation had been violated," he failed to make the required adjudication of guilt. Therefore, the sentence must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed with direction. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 18, 1983.

*John W. Davis,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III,*

*Assistant District Attorney,* for appellee.