68331. BASS v. THE STATE.
(323 SE2d 853)

McMURRAY, Chief Judge.

On September 16, 1980, defendant was indicted for the offense of violation of the Georgia Controlled Substances Act in that he did deliver marijuana to another. On October 13, 1980, he pleaded guilty to the offense and received a sentence imposed with his consent under the First Offender Act whereby further proceedings were deferred in accordance with said Act provided he complied with the general and special conditions imposed by the court as part of the sentence. The sentence was that defendant serve "Three (3) years, $2,000 fine, and probated" with the condition that the defendant spend four months in the county jail beginning October 27, 1980, as a special condition of probation, and upon release from jail defendant was to immediately report to the probation officer.

On September 29, 1981, and again on May 24, 1982, his probation officer charged him with violating the terms of probation by failing to report and pay as directed. Whereupon, on December 21, 1983, the trial court revoked the probation sentence under the First Offender Act and sentenced him to serve a term of seven years and pay a fine of $1,760 with the same to be probated with other special conditions that after four years the sentence would be suspended on payment of the fine. Defendant appeals. *Held:*

Defendant enumerates error that the trial court erred in sentencing him to serve seven years on probation and to pay a $1,760 fine and further in failing to give him credit for the time he served on probation under the First Offender Act. Defendant contends that under *Stephens v. State*, 245 Ga. 835, 836-837 (268 SE2d 330), revg. s.c., 152 Ga. App. 591 (263 SE2d 477); and *Lillard v. State*, 156 Ga. App. 54, 55-56 (2) (274 SE2d 96), the defendant could not receive a higher sentence than that set forth in the First Offender Act sentence.

The First Offender Act sentence dated October 13, 1980, clearly stated that if the probation were revoked the court "may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law." The defendant is entitled to rely on the provisions set forth in a sentence document if not informed to the contrary when the sentencing is imposed. See *Stephens v. State*, 245 Ga. 835, 838, supra. As the sentencing transcript of October 13, 1980, does not reflect that the defendant was informed that he could be sentenced upon revocation to a higher sentence or that he would not be credited for time served on probation, the sentence of December 21, 1983, was in error. See also *Beeks v. State*, 169 Ga. App. 499 (313 SE2d 760), as to the responsibility of the Department of Offender Rehabilitation and Board of Pardons and Paroles, when the trial court has imposed a legal sentence, to compute the sentence imposed and all credits and losses that the law, according to any other sentence previously imposed, authorizes and mandates. Accordingly, the judgment as to the sentence only is reversed and the case remanded with direction that the defendant be sentenced subject to the maximum of three years.

*Judgment affirmed as to the revocation; judgment reversed and case remanded with direction as to the sentence. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1984.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys*, for appellee.