## 75924. TALLANT v. THE STATE.
(369 SE2d 789)

BEASLEY, Judge.

We granted Tallant's application to appeal the sentence imposed upon him after his probation was revoked. See *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985).

Tallant pled guilty in 1983 to criminal attempt to commit robbery, OCGA §§ 16-4-1; 16-8-40 (a) (2). He could have been sentenced to not less than one nor more than ten years. OCGA § 16-4-6 (b). Pursuant to his request, he was sentenced pursuant to the First Offender Act, OCGA § 42-8-60.

His Order of Probation, which was a form order, read "it is ordered and adjudged by the Court that the defendant serve <u>Five (5) years, and probated</u> . . . upon probation." (Portion underlined inserted by court.)

The form language further provided that "[i]f such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law. Also, in the case of First Offender Probation, if such probation is

revoked, the Court may impose any sentence which could have been imposed at the time of the original sentencing less any time satisfactorily completed on probation." The court told defendant the same thing before imposition.

In 1986, Tallant's probation was revoked due to his arrest for aggravated assault and theft by taking. He was "sentenced to confinement for a period of five (5) years." It was further ordered that "[t]his time is in addition to any time successfully completed on probation." Defendant urges that his time on probation must be deducted from the five years, the court's direction to the contrary notwithstanding.

OCGA § 42-8-60 provides two options: the court may (1) defer further proceeding and place a defendant on "probation as provided by law"; or (2) "sentence" the defendant to a term of confinement as provided by law. The execution of that "sentence" may then be suspended, as with adult probation. OCGA § 42-8-34 (c).[1] Section 60 also states that "[u]pon violation by the defendant of the terms of probation or upon a conviction for another crime during the period of probation, the court may enter an adjudication of guilt and proceed as otherwise provided by law." As originally passed in 1968, section 60 provided only probation as a means of dealing with a selected First Offender, as is now included in division (a) (1). The 1982 amendment allowed the second option, requiring defendant to serve time but deferring execution of that term of imprisonment and substituting probation. Based on the language utilized, the First Offender order here was of the latter type.

If the first option had been exercised and defendant given straight probation which was then revoked, he could have then been sentenced up to the maximum for that crime (less any satisfactorily completed probation time), that is, a greater period than the original probationary period. See *Stephens v. State*, 245 Ga. 835, 836 (268 SE2d 330) (1980); *State v. Wiley*, 233 Ga. 316, 318 (210 SE2d 790) (1974); See also *Beeks v. State*, 169 Ga. App. 499 (1) (313 SE2d 760) (1984), which indicates that defendant should be so informed at the time the probation is imposed.

Here, however, the court originally imposed imprisonment and then suspended execution of it. Although the court advised defendant that if he violated the terms of the probation he could be given the maximum, which could be done under subsection (a) (1) punishment, the court subsequently imposed a subsection (a) (2) punishment. This

---

[1] Confusion was brought into the First Offender Act in 1982 when subsection (2) was added using the word "sentence." Conceptually, the pre-adjudication punishment is not a sentence because there is no judgment; instead, a term of confinement is merely imposed, and judgment is avoided. OCGA §§ 17-9-2; 17-9-10. This distinction was apparently recognized in *Dean*, supra, although not explained.

imprisonment option is reflected in the imposition document. When the court later revoked probation, a five-year sentence was imposed as the final adjudication. See *Dean v. State*, supra at 126 (5); *Bass v. State*, 172 Ga. App. 550, 551 (323 SE2d 853) (1984). However, the court added the challenged proviso which excluded from computation the time already served on probation.

The First Offender statute incorporates the adult probation provisions, OCGA § 42-8-34 et seq.; *Stephens*, supra at 836. Sentence may be imposed upon an adult and its execution stayed and suspended. OCGA § 42-8-34 (c). If that probation is revoked, credit must be given for any time successfully served on probation. OCGA § 42-8-38 (c). Likewise then, when First Offender Probation under OCGA § 42-8-60 (b) is revoked on a punishment of service of time which is probated, credit must be given for time served on probation, because the court so revoking may only "proceed as otherwise provided by law." This is in keeping with the words of the original order, quoted above, with which the final judgment conflicted. See *Dean*, supra at 127 (5); *Bass*, supra at 551. Defendant has a right to rely on the "sentencing" document, which in this case conformed to what the court stated at the hearing, with regard to crediting probation. Therefore, defendant must be credited with time satisfactorily completed on probation.

*Judgment affirmed with direction. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 13, 1988.

*Billy L. Spruell*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.