77569. THE STATE v. BOYD.
(377 SE2d 11)

BANKE, Presiding Judge.

On May 28, 1985, the appellee pled guilty to charges that he had possessed cocaine and marijuana in violation of the Controlled Substances Act. Based on these pleas, he was placed on probation for a period of three years pursuant to OCGA § 42-8-60 (a) (1), which provides for the probation of first offenders without an adjudication of guilt. The maximum sentence the appellee could have received for possession of cocaine was 15 years imprisonment. See OCGA § 16-13-30 (e).

On March 30, 1988, the state filed a "Petition for Adjudication of

Guilt and Imposition of Sentence," based on allegations that the appellee had violated the terms and conditions of his probation on February 27 or 28, 1988, by committing an aggravated assault. Due to a series of continuances granted in response to requests by both sides, the matter did not come before the court for a hearing until May 31, 1988. At that time, the appellee moved to dismiss the petition on the ground that the three-year period of first offender probation had already expired. The trial court granted the motion, and the state filed this appeal. *Held*:

In concluding that it no longer had any authority to sentence the appellee once the period of probation had expired, the trial court relied on *Logan v. Lee*, 247 Ga. 608 (278 SE2d 1) (1981), *Reed v. State*, 101 Ga. App. 714 (115 SE2d 270) (1960), and *Todd v. State*, 107 Ga. App. 771 (131 SE2d 201) (1963). The state argues that these cases are inapposite because they deal with probation revocation (see OCGA § 42-8-20 et seq.) rather than the imposition of an initial sentence based on a violation of the terms and conditions of probation previously imposed under the "First Offender Probation Act." See Ga. L. 1968, p. 324; OCGA § 42-8-60 et seq. The distinction between the two procedures was explained by the Supreme Court in *State v. Wiley*, 233 Ga. 316, 317-318 (210 SE2d 790) (1974), as follows:

"It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered. Unlike other probated sentences the defendant is not merely serving his sentence outside the confines of prison, but is serving a period on probation to determine whether or not the prisoner may be rehabilitated.

"If, by violating the terms of his probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation then, and only then is he sentenced to the penitentiary. No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing."

Pursuant to *State v. Wiley*, supra, the issue before the trial court in the present case was thus whether, as the result of an offense allegedly committed during the period of the first offender probation, the appellee defendant had forfeited his right to be discharged without a felony conviction on the drug possession charges. The trial court

found that a violation of the terms of the first offender probation had in fact occurred. Under such circumstances, the court erred in concluding that it no longer had jurisdiction to impose sentence on the drug possession charges. We consequently reverse the judgment of the trial court and remand the case for disposition pursuant to OCGA § 42-8-60 (b), with the caveat that the defendant will be entitled to receive credit against any sentences imposed for the time he has already served on probation. See *Stephens v. State*, 245 Ga. 835, 836 (268 SE2d 330) (1980); *Tallant v. State*, 187 Ga. App. 138 (369 SE2d 789) (1988). We do not reach the issue of whether a different result would obtain if the state had failed to file its "Petition for Adjudication of Guilt and Imposition of Sentence" prior to the expiration of the period of first offender probation, since that issue is not presented by the facts of this case. The judgment of the trial court is reversed, and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Beasley, J., concur.*

Decided November 21, 1988 —
Rehearing denied December 13, 1988 —

Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney, for appellant.
M. Francis Stubbs, for appellee.