## S01A0332. ROLAND v. MEADOWS.
### (548 SE2d 289)

THOMPSON, Justice.

We granted Anthony Roland's application for certificate of probable cause to appeal from the denial of his petition for writ of habeas corpus. Because we conclude that Roland was properly resentenced following revocation of his first offender probation and adjudication of guilt, we affirm.

1. Roland entered a plea of guilty to the offense of child molestation in September 1993 and was sentenced under OCGA § 42-8-60 (a) (1) of the First Offender Act, to five years to be served on probation, along with fines and several special conditions of probation. The sentencing order specified that "upon violation of the terms of probation, the court may enter an adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law." Roland acknowledged that he had been advised of the maximum punishment provided by law for the offense to which he was pleading guilty.[1] The

---

[4] See *Tri-State Building & Supply, Inc. v. Reid*, 251 Ga. 38, 39 (302 SE2d 566) (1983).
[5] OCGA § 42-12-2; *Scruggs v. Georgia Dept. of Human Resources*, 261 Ga. 587, 588 (408 SE2d 103) (1991).
[1] A first offense of child molestation may be punishable by imprisonment for not less than five nor more than twenty years. OCGA § 16-6-4 (b).

sentencing form also provided that if probation is revoked, "the court may order execution of the sentence which is originally imposed or any portion thereof in a manner provided by law after deduction therefrom the amount of time the defendant has served on probation."

In August 1996, the State petitioned for an adjudication of guilt and imposition of sentence based upon evidence that Roland had violated two conditions of probation. Roland admitted the violations, waived a revocation hearing, and was adjudicated guilty of child molestation.[2] He was resentenced to a term of ten years – five years to serve in prison, with the remaining five years to be served on probation. The resentencing order specified that Roland be incarcerated for a term of five years "over and above any time served on probation."

Roland sought habeas corpus relief on several grounds, including a claim that the ten-year sentence failed to include credit for the three years he had served on probation. The habeas court ruled that there was no error in the revocation sentencing since the new sentence (ten years), when added to the time served on probation (three years), was within the statutory range for the underlying crime (twenty years).

We inquired:

> Whether, when the probation of a first offender is revoked, the sentencing court must give the defendant credit for time served on probation when imposing sentence pursuant to conviction, and under what circumstances may language in the first-offender sentence alter that rule. See OCGA § 42-8-38 (c); OCGA § 42-8-60 (b); *Stephens v. State*, 245 Ga. 835 (268 SE2d 330) (1980); *McKinney v. State*, 240 Ga. App. 812 (3) (525 SE2d 395) (1999).

This case involves several principles of law affecting probationers sentenced under the First Offender Act. When a first offender probationer violates the terms of his probation and the trial court enters an adjudication of guilt, the court may impose any sentence permitted by law for the offense the probationer has been found guilty of committing. OCGA § 42-8-60 (b); *Beasley v. State*, 165 Ga. App. 160 (299 SE2d 886) (1983). In addition, this Court has deter-

---

[2] A previous petition for adjudication of guilt was filed by the State alleging violations of the conditions of probation. Roland waived a hearing in that matter. The court determined that he had violated the terms of his probation and sentenced him to serve a period of 60 to 120 days in a state detention center, plus the remainder of his original sentence, including all previously imposed conditions of probation. He was permitted, however, to retain his first offender status at that time.

mined that OCGA § 42-8-38 (c) applies to first offender probation, insofar as time spent on probation prior to an adjudication of guilt must be credited to any new sentence received. *Stephens v. State*, supra. Accord *McKinney v. State*, supra at 812 (3). However, before an enhanced sentence may be imposed, the accused must be informed of that eventuality at the time the first offender probation sentence is pronounced. *Stephens*, supra. He must also be informed in the sentencing order that he will receive credit for time served on probation against any new sentence. Id.

At Roland's first offender sentencing hearing, the court admonished him both verbally, as well as in the sentencing order, that he was subject to the maximum punishment allowable by law for the offense of child molestation should his probation be revoked and guilt adjudicated; and Roland acknowledged his understanding of that possible consequence. Compare *Stephens*, supra. The sentencing order also specified that under such circumstances, he would be entitled to receive credit for time served on probation.

At the resentencing hearing, there was considerable discussion among the court, counsel, and a representative from the probation department as to the effect on his new sentence of the three years Roland had served on probation. The court clearly recognized that in imposing a new sentence, it was required to give Roland credit for those three years. The resulting order specifies a sentence of "ten years, five years *over and above any time previously served.*" While the order could mean that Roland has not been credited for the period served on probation, it can also be read to incorporate that time. Because the sentencing language is unclear and subject to misinterpretation, we disapprove its use in this context. However, in this case we have the benefit of a lengthy discussion on the record which reveals that the sentencing court was well aware of its obligation to credit Roland for time served on probation and intended to do so. Therefore, we agree with the habeas court's interpretation of the resentencing order – that Roland is required to serve a total of thirteen years – five to be served in prison beyond the three already served on probation, to be followed by an additional five years on probation. Because Roland was resentenced within the maximum sentence allowable by law, he was clearly advised of this possibility, and the court credited the time already served on probation, we find no error. Compare *McKinney v. State*, supra at 812 (3) (where it cannot be ascertained from the record whether first offender whose guilt is adjudicated received credit for time served on probation, case must be remanded for such a determination); *Franklin v. State*, 236 Ga. App. 401 (1) (512 SE2d 304) (1999) (following adjudication of guilt of first offender probationer, imposition of statutory maximum sentence without credit for time served on probation is unlawful); *Couch v.*

*State*, 246 Ga. App. 106 (1) (539 SE2d 609) (2000) (where no credit is given for time served, case must be remanded for resentencing).

We take this opportunity to impress upon the bench and bar that before a first offender probationer may be resentenced to a sentence greater than that imposed at the entry of the plea, the accused must be so informed of that eventuality. *Stephens*, supra. In addition, upon revocation of probation and an adjudication of guilt, any new sentence imposed must credit the defendant with time served on probation. Id. This information must also be made known to the defendant at sentencing and included in the first offender sentencing form. In order to avoid confusion in this regard, the new sentencing order should specify that the defendant has received credit for time served on probation, which has been applied toward the new sentence.

We also have concern with the first offender sentencing form insofar as it tracks the language of OCGA § 42-8-38 (c), as follows: "If such probation is revoked, the court may order the execution of the sentence which is originally imposed or any portion thereof in the manner provided by law." The foregoing provision is applicable to the State-wide Probation Act in general, OCGA § 42-8-20 et seq. However, OCGA § 42-8-60 et seq., is a separate statutory procedure which is available at the discretion of the sentencing court only for a "defendant who has not been previously convicted of a felony." Id. Upon revocation and an adjudication of guilt, a probationer under OCGA § 42-8-60 may be sentenced to the maximum penalty allowable by law for the charged offense. Because the foregoing language is inapplicable to probationers under the First Offender Act, it should be eliminated from the form.

2. The habeas court correctly ruled that Roland was advised of the right to withdraw his negotiated plea upon the sentencing court's decision not to follow the negotiated recommendation, and that the guilty plea was knowingly and voluntarily entered.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001.

Anthony Roland, *pro se.*

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.