[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10240

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GERRY F. CARTER,
a.k.a. Sleepy,
a.k.a. Sleep,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cr-00064-RH-MJF-1

_____

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gerry Carter appeals the 360-month sentence imposed after Carter pleaded guilty to a drug-trafficking offense and to possession of a firearm in furtherance of a drug-trafficking offense. On appeal, Carter challenges the district court's determination that his 2003 Georgia drug conviction qualified as a "serious drug felony" for purposes of triggering an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). No reversible error has been shown; we affirm.

A federal grand jury returned an indictment charging Carter with (1) conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846, and 851 (Count 1); and (2) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). The government later filed notice of its intent to seek an enhanced penalty under 21 U.S.C. § 841

based on Carter's 2003 and 2012 Georgia convictions for possession with intent to distribute marijuana: convictions the government said constituted serious drug felonies. Carter pleaded guilty pursuant to a written plea agreement.

The Presentence Investigation Report ("PSI") calculated an advisory guideline range of 292 to 365 months' imprisonment. The PSI then determined that Carter was subject to a mandatory minimum sentence of 300 months on Count 1 and was also subject to a consecutive mandatory minimum sentence of 60 months on Count 2. Carter's guidelines range was thus adjusted to between 360 and 425 months' imprisonment. The district court imposed a total mandatory minimum sentence of 360 months' imprisonment.

We review for clear error the district court's factual findings and review *de novo* the application of the law to the facts. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Under 21 U.S.C. § 841, a defendant is subject to a mandatory minimum sentence of 25 years' imprisonment if he commits a drug-trafficking offense in violation of section 841(a) after having two or more prior convictions for a "serious drug felony." 21 U.S.C. § 841(b)(1)(A). A "serious drug felony" is defined, in pertinent part, as a felony drug conviction for which "the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57)(A).

On appeal, Carter challenges the district court's calculation of the number of days Carter served in prison for his 2003 Georgia

drug conviction.  Carter says he served fewer than 12 months in prison for that offense.  As a result, Carter contends his 2003 Georgia drug conviction is no "serious drug felony" for purposes of triggering the 25-year mandatory minimum sentence.[1]

In preparation for sentencing, the government introduced Georgia court documents related to Carter's 2003 drug conviction and sentencing.  These state records show that Carter was arrested on 1 February 2003 for possession with intent to distribute marijuana in violation of Georgia law.  Carter pled guilty to the charged offense.  On 21 February 2003, the state court -- pursuant to Georgia's First Offender Act -- sentenced Carter to two years' confinement to be served on probation.[2]  The state court's written judgment advised that if Carter violated the terms of his probation, the state court could revoke his probation and sentence Carter "up to the maximum sentence authorized by law."  The state court provided further that "[t]he defendant shall receive credit for time served on probation to be applied toward the maximum sentence."

---

[1] That Carter's 2012 Georgia conviction for possession with intent to distribute marijuana constitutes a "serious drug felony" is undisputed.

[2] Under Georgia's First Offender Act, a court may -- before an adjudication of guilt -- sentence eligible defendants to a term of probation and defer further proceedings.  O.C.G.A. § 42-8-60(a).  If the defendant completes successfully his probation, he is exonerated of guilt and discharged.  *Id.* § 42-8-60(e).  If, however, the defendant violates the terms of his probation, "[t]he court may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law."  *Id.* § 42-8-60(d).

On 26 June 2003, Carter was arrested for violating the terms of his probation. On 29 July 2003, the state court ordered Carter to complete a Diversion Center program and ordered Carter to remain in custody until he could be placed in the Diversion Center. The state court thus modified Carter's sentence to require Carter "to serve 120 days with the balance of that time suspended upon entering the Diversion Center." The state court further ordered that, upon Carter's release from the Diversion Center, Carter would remain subject to the original 21 February 2003 order of probation. Carter entered the Diversion Center on 27 August 2003.

On 24 December 2003, Carter was arrested for violating his probation a second time. On 3 February 2004, the state court revoked Carter's probation and adjudicated Carter guilty of his marijuana drug offense. The state court sentenced Carter to two years' imprisonment to be served "over and above time served on first offender probation."

In calculating the time Carter served in prison for his 2003 drug conviction, the district court considered three periods of incarceration: (1) 1 February to 21 February 2003 (21 days); (2) 26 June to 27 August 2003 (63 days); and (3) 24 December 2003 to 12 November 2004 (325 days). The district court concluded that each of these periods constituted time served on Carter's 2003 drug conviction: a total of 409 days' imprisonment. That the district court counted properly the 325 days between 24 December 2003 and 12 November 2004 as time served is undisputed. Carter challenges only the district court's counting of the first and second periods of

incarceration toward the total time served in prison for his 2003 drug offense.

Under Georgia law, a defendant "shall be given full credit for each day spent in confinement . . . including: (1) Pretrial confinement, for any reason, since the date of arrest for the offense which is the subject of the sentence; and (2) Posttrial confinement awaiting . . . transfer to the Department of Corrections or other court ordered institution or facility." O.C.G.A. § 17-10-11(a). The Georgia Supreme Court has said that the "clear policy" behind this statute is that all time a defendant spends incarcerated by the state "should count toward the time which a prisoner must serve." *See Spann v. Whitworth*, 413 S.E.2d 713, 715 (Ga. 1992).

Georgia law also provides that, upon revocation of a term of probation, the time spent on probation constitutes "time served" that must be deducted from a defendant's sentence. *See* O.C.G.A. § 42-8-38(c). In the context of the revocation of a term of first-offender probation, the Georgia Supreme Court has said that "time spent on probation prior to an adjudication of guilt must be credited to any new sentence received." *See Roland v. Meadows*, 548 S.E.2d 289, 290 (Ga. 2001).

Against this background, it seems to us that the district court determined correctly that -- when imposing a sentence upon revocation of Carter's first-offender probation -- the state court was required by Georgia law to credit Carter for these days: (1) the 21 days Carter spent in pretrial confinement (between 1 February to 23 February 2003) and (2) the 63 days Carter spent in custody while

on first-offender probation and while awaiting transfer to the Diversion Center (26 June to 27 August 2003). *See* O.C.G.A. § 17-10-11(a); *Roland*, 548 S.E.2d at 290. The district court's determination is also consistent with the state court's notice to Carter that -- in the event his first-offender probation was revoked -- he would "receive credit for the time served on probation to be applied toward" his revocation sentence.

Carter contends, however, that the state court never credited him for the time he spent in prison before 23 December 2003. In support of this assertion, Carter relies upon the language of the state court's sentencing order: an order that imposed a two-year sentence "over and above time served on first offender probation." According to Carter, because he received no credit toward his sentence for his earlier periods of incarceration, those periods of incarceration do not count toward the 12-month threshold required for a "serious drug felony."

The district court rejected this argument. The district court construed the state court's "over and above" language to mean that the state court imposed a sentence of two years *in addition to* the time Carter already served on probation. The district court thus concluded that the state court *did* credit Carter properly for all the time he spent in custody.

The district court's reading of the state court's "over and above" language is supported by the Georgia Supreme Court's decision in *Roland*. There, the defendant challenged the sentence imposed upon the revocation of his first-offender probation on

grounds that the sentencing court failed to credit him for time served on probation. *See Roland*, 548 S.E.2d at 290. The challenged sentencing order imposed a sentence of "ten years, five years *over and above any time previously served.*" *Id.* at 291 (emphasis in original). The Georgia Supreme Court interpreted the sentencing court's "over and above" language as imposing a total sentence of thirteen years: "five to be served in prison beyond the three already served on probation, to be followed by an additional five years on probation." *Id.* Under this construction, the Georgia Supreme Court concluded that the defendant had been credited properly for the time he already served on probation. *Id.*

Given the record in this case, we cannot conclude that the district court clearly erred in finding that the state court credited Carter for the time he spent in prison before 23 December 2003.[3] We accept the district court's determination that Carter served a total of 409 days in prison for his 2003 Georgia drug offense. Carter's 2003 Georgia drug offense thus qualified as a "serious drug felony" within the meaning of section 841(b)(1)(A). Because Carter

---

[3] By asserting that the state court failed to credit him for time served prior to 23 December 2003, it seems to us that Carter contends that the state court imposed a sentence that failed to comply with Georgia law. Nothing evidences that Carter has challenged the validity of his 2003 revocation sentence in the Georgia courts. We will not construe the state court's "over and above" language in a way that appears to be inconsistent with Georgia law. *Cf. Custis v. United States*, 511 U.S. 485, 496-97 (1994) (providing that a defendant in a federal sentencing proceeding may not attack collaterally a prior state court conviction that serves as a predicate offense for a sentencing enhancement).

21-10240            Opinion of the Court                    9

had two prior convictions for a serious drug felony, we affirm the district court's determination that Carter was subject to a statutory mandatory minimum sentence of 25 years' imprisonment on Count 1.

AFFIRMED.