## 49154. WILEY v. THE STATE.

QUILLIAN, Judge.

The appellant entered a plea of guilty to theft by taking and was sentenced under the first offender statute to serve three years on probation. Subsequent to that time, after a hearing, the appellant's sentence was revoked and he was sentenced to serve ten years in the penitentiary. It is from this judgment an appeal was filed. *Held:*

1. The appellant contends that it was error for the trial judge to sentence the appellant to ten years because this was in excess of the time he could have been given upon the revocation of his sentence. Code Ann. § 27-2727 (Ga. L. 1968, pp. 324, 325) provides: "Upon a verdict or plea of guilty or a plea of nolo contendere but before an adjudication of guilt, the court may, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation as provided by the Statewide Probation Act (Ga. L. 1956, p. 27). Upon violation of the terms of probation, or upon a conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided. No person may avail himself of the provisions of this Act on more than one occasion."

Upon the violation of probation this statute authorizes the superior court to enter an adjudication of guilt and order that the defendant serve the remainder of his probated sentence in the penitentiary. However, this statute does not authorize the court to vacate the original sentence and enter a greater one. The same principle would apply as though the jury found the defendant guilty and set his sentence, and the trial judge allowed him to serve under the First Offender Act.

2. The evidence authorized the revoking of the probationary sentence. *Raines v. State,* 130 Ga. App. 1 (202 SE2d 253).

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 4, 1974 — DECIDED MARCH 15, 1974 — REHEARING DENIED MARCH 29, 1974 —

*Frank B. Lanneau, III,* for appellant.

*Fred M. Hasty, District Attorney, W. Louis Sands,* for appellee.