## 28977. THE STATE v. WILEY.

NICHOLS, Presiding Justice.

In September, 1973, Harry Wiley, Jr. entered a plea of guilty in the Superior Court of Peach County to the offense of theft by taking. After such plea was entered, the defendant sought first offender probation. The trial court granted the defendant first offender probation for a period of three years. Some six weeks later he was arrested and charged with theft by taking in Spalding County, Ga., and a rule nisi was thereafter entered to show cause why such first offender probation should not be set aside "and why the said defendant's guilt should not be adjudicated and sentence imposed according to law." On the hearing of the issue thus made the probation was set aside, guilt adjudicated and a sentence of ten years imprisonment imposed.

On appeal the Court of Appeals affirmed the revocation of probation but reversed the ten-year sentence as being greater than the original three-year

probation sentence entered in the case. *Wiley v. State,* 131 Ga. App. 511 (206 SE2d 140). The state's application for writ of certiorari was granted to review the holding of the Court of Appeals—that a greater sentence than that originally imposed under the "first offender probation" provision was error—inasmuch as this statute has not previously been considered by this court; and the decision of the Court of Appeals in this case appears to be in conflict with the decision of that court in *Pass v. State,* 122 Ga. App. 190 (176 SE2d 519).

The provisions of the First Offender Probation Act (Ga. L. 1968, p. 324; Code Ann. § 27-2727 et seq.), which are controlling in the present case are those contained in Section 1 of such Act which read as follows: "Upon a verdict or plea of guilty or a plea of nolo contendere but before an adjudication of guilt, the court may, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation as provided by the Statewide Probation Act (Ga. L. 1956, p. 27). Upon violation of the terms of probation, or upon a conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided. No person may avail himself of the provisions of this Act on more than one occasion."

The responsibility of the defendant under such probation is the same as provided for by the Act of 1956 cited by the General Assembly, but is the penalty for failing to live up to such responsibility the same?

Under such Act why would the defendant be required to consent prior to such Act being applicable? It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered.

Unlike other probated sentences the defendant is not merely serving his sentence outside the confines of prison, but is serving a period on probation to determine whether or not the prisoner may be rehabilitated.

If, by violating the terms of his probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation then, and only then is he sentenced to the penitentiary. No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing.

Accordingly, the judgment of the Court of Appeals reversing the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1974— DECIDED NOVEMBER 18, 1974— REHEARING DENIED DECEMBER 3, 1974.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney, W. Louis Sands,* for appellant. *Frank Lanneau, III,* for appellee.