## 60545. LILLARD v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals his revocation of his probation as a first offender and his sentence therefor. *Held:*

1. Defendant contends that the trial court erred in denying his motion to suppress the admission in evidence of marijuana, possession of which was the basis for the revocation, thus rendering the revocation also erroneous.

Defendant, after pleading guilty to burglary, was sentenced

without an adjudication of guilt to four years probation as a first offender under Code Ann. § 27-2727. A condition of probation was that he be admitted to and reside at the Gainesville Diversion Center. Upon entering the Center, defendant voluntarily signed a waiver giving the Center's staff permission to conduct searches of his person whenever they thought it was necessary. While resident at the Center defendant was employed during the day at a local business. Officers of the Center received information from a reliable informant at the Center that defendant was involved in drugs. After observing for several days that defendant was not going directly from the Center to his place of employment as required, the officers conducted a search of defendant when he arrived at work and found a package of marijuana in his clothing.

Under the circumstances that defendant was a probationer in a diversion center, that he had signed a consent to search of his person when he entered the Center, that the Center officers had received information from a reliable informant that defendant was involved in drugs, and that the officers had observed for several days defendant's suspicious conduct of not going directly to his work from the Center as he was required to do, we find that the search was not unreasonable.

"The right to be free from unreasonable searches and seizures extends to all persons, including probationers. [Cits.] A defendant's status as a probationer, however, is a factor to be considered in determining whether a search and seizure by a probation officer is unreasonable. [Cits.]

"The search by a probation officer is reasonable if under all the circumstances, it is actuated by the legitimate operation of the probation supervision process and the probation officer acts reasonably in performing those duties. [Cits.]

"It was the duty of the defendant's probation officer and the officers of the restitution shelter to supervise his rehabilitation and to insure that he conformed to the conditions of his probation. Under all of the circumstances, the search was not unreasonable." *Hunter v. State,* 139 Ga. App. 676 (2), 678 (229 SE2d 505). See also *Austin v. State,* 148 Ga. App. 784 (2) (252 SE2d 696).

Accordingly, the trial court did not err in denying the motion to suppress, revoking the probation and adjudicating defendant guilty of burglary.

2. The trial court erred in imposing a greater sentence (10 years, 3 to serve and 7 on probation) than the revoked term of 4 years probation, and in specifically refusing to give defendant credit for the time he had served on probation.

The order of defendant's first offender probation provided that

if the probation was revoked "the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deduction therefrom the amount of time the defendant has served on probation." There is nothing in the record contrary to this provision. An identical provision in the probation order of a first offender caused the Supreme Court of Georgia to hold that a greater sentence could not be imposed.

"There is nothing in the record to indicate that (the defendant) was told he could get a higher sentence or that he would not be credited for time served on probation.

"If there is any doubt as to the effect of a criminal sentence the defendant will be given the benefit of such doubt. [Cit.] An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed. [Cit.] . . . [T]he court was not authorized to increase (the defendant's) sentence when the probation was revoked . . ." *Stephens v. State,* 245 Ga. 835, 837 (268 SE2d 330).

The same opinion also stated: "We hold, therefore, that when a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, including cases involving first offender probation." Id. at 837.

*Judgment of revocation is affirmed. The sentence is reversed with direction to resentence defendant in accordance with the foregoing holding. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED OCTOBER 9, 1980.

*Jane Kent-Plaginos,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.