## 62989. JOHNSON v. THE STATE.

McMURRAY, Presiding Judge.

The defendant herein pleaded guilty to the offense of armed robbery, and the trial court on September 6, 1978, entered a "First Offender Sentence" wherein it was "ordered by the Court without adjudicating the defendant guilty that the defendant be placed on probation for a period of *ten* years pursuant to the provisions of Georgia Law, 1968, pp. 324, 325 (The First Offender Act)." He was also required during his period of probation to pay a fine of $1,000 as directed by the probation office and pay full restitution, although the amount of restitution was not set forth in the sentence. This sentence also stated that at the end of the period of probation the court would determine "whether or not to adjudicate the defendant guilty or to expunge the record of the proceedings in this case," but should defendant violate any of the terms of probation the court would enter an adjudication of guilt and require the defendant to serve "said probated sentence in custody." Conjunctively with the foregoing sentence of the court, the court on September 6, 1978, entered a "Sentence of Probation" sentencing the defendant to confinement for a period of 10 years under the First Offender Act and ordered that the defendant serve said period upon probation. This "Sentence of Probation" expressly stated that if this probation was revoked the court could order the execution of the original sentence imposed (10

years) or any portion thereof in the manner provided by law, "after deduction therefrom the amount of time the defendant has served on probation."

The defendant was then allowed to serve the sentence on probation provided he complied with general and special conditions therein set forth by the court. Included therein is the requirement that he report to the probation supervisor as directed and not to change his present place of abode, that is, move outside the jurisdiction of the court or leave the state for any period of time without prior permission of the probation supervisor.

On July 7, 1981, a petition was filed for adjudication of guilt and imposition of sentence by reason of the fact that the defendant had violated the terms and conditions of his probation, that is, in failing to report to the probation officer as directed and having changed his present place of abode without prior permission of the probation officer. The petition, including the show cause order of the court, was served upon the defendant, and after a hearing the court issued its order stating that after a full hearing had been conducted the court determined the terms of probation had been violated in that he had failed and refused willfully to report to his probation officer, had failed and refused to report his change of address to the probation officer and "failed to pay his fine as ordered." He was then adjudged guilty and *ordered to serve 20 years.* Defendant appeals. *Held:*

1. While the defendant was required, as a term of his probation, to pay the fine at the rate of $30 per month, and this was not one of the terms of probation which he had been charged with allegedly violating, nevertheless the court made a determination that he also had violated the terms of probation as charged in the petition as to the two conditions set forth. There is no merit in the enumeration of error that the trial court "revoked the Defendant's probation based on a ground not contained in the Petition for Revocation."

2. Under the slight evidence rule the evidence here was sufficient for the trial court to find that the terms of probation set forth in the petition had been violated. Likewise, under the recent case of *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463), the court's statement in its order as to the findings of fact relating to the grounds for revocation was sufficient.

3. However, the imposition of a 20-year sentence was greater than the 10-year confinement order (which was probated), and the trial court could not re-sentence the defendant to a greater term than that originally given him under the sentence of 10 years even if it recited same was "under the First Offender Act." This case is entirely different from that of *State v. Wiley,* 233 Ga. 316, 317 (210 SE2d 790), reversing *Wiley v. State,* 131 Ga. App. 511 (206 SE2d 140), wherein a

probationary sentence of three years was entered under the First Offender Act ("preliminary only") wherein if same had been completed without violation "permits the offender complete rehabilitation without the stigma of a felony conviction." Here the trial court also entered, conjunctively with the first offender sentence, a "Sentence of Probation" sentencing the defendant *to confinement for a period of 10 years* even though reciting same was "under the First Offender Act" and ordered that the defendant serve said period upon probation. The court ordered that "further proceedings are deferred in accordance with said Act, provided, that said defendant complies with the following general and special conditions herein imposed by the Court as a part of this sentence." This sentence of probation clearly stated further that if such probation is revoked "the Court may order the execution of the sentence *which was originally imposed* or any portion thereof·in the manner provided by law *after deduction therefrom the amount of time the defendant had served on probation."* (Emphasis supplied.) Here the court ordered not only a first offender sentence, but a confinement sentence which was likewise probated. It is, therefore, the exact sentencing procedure found in *Lillard v. State,* 156 Ga. App. 54, 55-56 (2) (274 SE2d 96), and unlike the sentence found in *State v. Wiley,* 233 Ga. 316, 317, supra, in which only a preliminary probationary sentence was imposed "without the stigma of a felony conviction." Our criminal law is statutory, therefore, same is in derogation of the common law and must be strictly construed. See *Wood v. State,* 68 Ga. App. 43, 47 (a) (21 SE2d 915); *Entrekin v. State,* 147 Ga. App. 724 (1) (250 SE2d 177); *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124). Whether or not it was the intention of the trial court to place the defendant on probation for a term of 10 years and adjudication of guilt of the defendant was to be deferred and suspended pending the service of the probated sentence, nevertheless in the case sub judice unlike the sentence in *Wiley,* supra, the trial court likewise sentenced the defendant to 10 years in confinement. Consequently, with the finding by the court that defendant's terms of probation had been violated under that sentence, he is entitled to have deducted *from his 10-year sentence* "the amount of time the defendant has served on probation." See *Stephens v. State,* 245 Ga. 835, 836-838 (268 SE2d 330), wherein the Supreme Court held: "An accused is entitled to rely on the provisions set forth in the sentencing document . . ." and "the maximum time . . ." could not be increased "when the probation was revoked." The case is remanded for a proper sentence to be entered.

*Judgment affirmed in part and reversed in part. Quillian, C. J., concurs. Pope, J., concurs specially.*

DECIDED MARCH 4, 1982.

*Floyd H. Farless,* for appellant.
·*Larry Salmon, District Attorney,* for appellee.

POPE, Judge, concurring specially.

While I agree with the result reached by the majority, I am compelled to offer the following additional comments regarding Division 3 of this opinion.

The purpose of the First Offender Act, Code Ann. § 27-2727 et seq. (hereinafter Act), is "... to provide that persons accused of crime, who have not been previously convicted of a felony, with their consent, be placed on probation after a finding but before an adjudication of guilt." Ga. L. 1968, p. 324. A first-offender defendant is placed on probation as provided by the Statewide Probation Act, Code Ann. §§ 27-2702 through 27-2726.1. If such a defendant violates the terms of his probation, or is convicted of another crime, the trial court may then "enter an adjudication of guilt and proceed as otherwise provided." Code Ann. § 27-2727.

Under the provisions of the Act, no "sentence" is imposed upon a defendant receiving first-offender probation thereunder, "sentence" being defined: "The judgment formally pronounced by the court . . . upon the defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted. Judgment formally declaring to [an] accused [the] legal consequences of [the] guilt which he has confessed or of which he has been convicted." Black's Law Dictionary 1528 (4th ed. 1968); see *Bearden v. State of Ga.,* 122 Ga. App. 25 (3) (176 SE2d 243) (1970). Rather, under the Act "sentence" is deferred while the defendant is given an opportunity by the trial court to show that he is capable of comporting himself as a responsible, law-abiding citizen; i.e., he is given a chance to rehabilitate himself without the stigma of a felony conviction. *State v. Wiley,* 233 Ga. 316 (210 SE2d 790) (1974). If he successfully fulfills the terms of his probation, "the defendant shall be discharged *without court adjudication of guilt.*" (Emphasis supplied.) Code Ann. § 27-2728.

The trial court instructs the first-offender defendant in regard to the provisions of the Act at the time the probation is given. Code Ann. § 27-2729. It has been my experience that at this stage of the proceedings the defendant is instructed that if he violates the provisions of his probation, he can then be adjudicated guilty and could receive up to the maximum sentence provided by law for the crime he has committed. See *State v. Wiley,* supra. The record shows

that the defendant in the case at bar was informed of the provisions of the Act and I am persuaded that these instructions probably included his being informed that he could receive up to the maximum sentence allowed by law if he violated the terms of his probation. Nevertheless, the probation given in this case, when reduced to writing on a form entitled "SENTENCE OF PROBATION (Felony or State Misdemeanor and First-Offender)," contained the following language: "WHEREUPON, it is ordered and adjudged by the Court that the said defendant is hereby sentenced to confinement for a period of Ten (10) years under the First Offender Act." Just below this language the form also provided: "WHEREUPON, it is ordered and adjudged by the Court that the defendant serve Ten (10) years upon probation. This sentence is imposed with defendant's consent under the provisions of the Act for Probation of First-Offenders and further proceedings are deferred in accordance with said Act . . ." Finally, the form provided: "*If such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the matter provided by law after deduction therefrom the amount of time the defendant has served on probation.*" (Emphasis supplied.) This form was prepared or provided by the Department of Correction/Offender Rehabilitation (hereinafter DOR). An additional form in the record of this case entitled "FIRST OFFENDER SENTENCE" provided that ". . . the Court shall, prior to the expiration of the aforesaid period of probation, enter an adjudication of guilt and require the defendant *to serve said probated sentence in custody* should the defendant violate any of the terms of probation or violate any law whatsoever." (Emphasis supplied.) Although the forms used in this case are not identical to the one used by the trial court in *Lillard v. State,* 156 Ga. App. 54 (2) (274 SE2d 96) (1980), the language emphasized above requires us to reach the same conclusion as we reached in *Lillard,* supra; i.e., the language of the "sentencing" document precludes the trial court from increasing the first-offender defendant's "sentence" when his probation is revoked.[1]

The result we have reached in the case at bar is not, in my view, the result envisioned by the General Assembly when the Act was enacted. The purpose of the Act is to permit a first offender, after a

---

[1] The record in *Lillard* discloses that the sentence imposed by the trial court after the defendant's probation had been revoked contained the following language: "If such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law after deduction therefrom the amount of time the defendant has served on probation, *or under the First Offender Act may impose a new sentence.*" (Emphasis supplied.)

*finding* of guilt, to rehabilitate himself under the supervision of the trial court and thereby avoid the infliction of punishment for his crime. Accordingly, the probation given a first-offender defendant is not a "sentence," because at the time probation is given, the trial court has made no adjudication of guilt.[2] "No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing." *State v. Wiley,* supra at 318. In other words, the Act clearly permits a trial court to impose up to the maximum sentence allowed by law on a defendant who has violated the terms of his first-offender probation, even though said probation was of lesser magnitude.

The problem, as I see it, is that the trial courts of this state have been using forms provided or prepared by DOR which disregard the essential differences between first-offender probation and probation imposed as punishment upon an adjudication of guilt. Since these forms provide that the defendant's "sentence" has in fact been imposed, and since said defendant is entitled to rely on the provisions set forth in the "sentencing" document if he is not informed to the contrary when the "sentence" is imposed (*Huff v. McLarty,* 241 Ga. 442 (246 SE2d 302) (1978)), the trial courts who utilize these forms are constrained to abide by the provisions therein and may not impose a sentence of greater length than the first-offender probation.

I believe the better practice would be to use separate, specialized forms for first-offender probation. Such forms should strictly conform to the provisions of the Act and to the decision in *State v. Wiley,* supra. In the event that the multi-purpose DOR forms continue to be used, inappropriate language should be obliterated therefrom by the trial court when used for first-offender probation. Additionally in such a case, a transcript of the proceedings instituting first-offender probation would be helpful to this court in reviewing the matter on appeal.

---

[2] For this reason also I agree with former Justice Nichols' dissent in *Stephens v. State,* 245 Ga. 835, 838 (268 SE2d 330) (1980), in which he concluded that time spent on first-offender probation should not be credited to any sentence imposed as the result of the revocation of such probation.