## 64543. GRIFFIN v. THE STATE.

BANKE, Judge.

This is an appeal from a probation revocation. The defendant was originally indicted for burglary and theft by taking. He pled guilty to the burglary count and was placed on probation without an adjudication of guilt pursuant to the First Offender Probation Act (Ga. L. 1968, p. 324; Code Ann. § 27-2727 et seq.). He did not plead guilty to the theft charge. After hearing evidence that the defendant subsequently committed rape and battery upon a 16-year-old girl, the trial court adjudicated him guilty of the burglary charge, based on his previous plea of guilty. See *State v. Wiley,* 233 Ga. 316 (210 SE2d 790) (1974). However, the court also entered an adjudication of guilt to the theft by taking charge, to which the defendant had never pled guilty. *Held:*

1. The adjudication of guilt on the theft charge, being unsupported by either a guilty plea or a verdict entered on sufficient evidence of guilt, must be reversed.

2. The revocation of probation on the burglary charge was supported by evidence that the defendant violated the terms of his probation by committing the offenses of rape and battery.

3. The sentence, after the adjustment required by Division 1 of this opinion, is 10 years to serve. Relying upon *Johnson v. State,* 161 Ga. App. 506 (3) (288 SE2d 366) (1982), the defendant contends that this sentence is excessive because the first-offender sentencing document entered by the court imposed only five years. See *Lillard v. State,* 156 Ga. App. 54 (2) (274 SE2d 96) (1980).

"An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed." *Stephens v. State,* 245 Ga. 835, 838 (268 SE2d 330) (1980). See also *Huff v. McLarty,* 241 Ga. 442 (246 SE2d 302) (1978). Unlike the *Johnson* case relied upon by appellant, the record before us shows that the defendant was informed at the time he was originally placed on probation that he could receive the full sentence upon violation of his probation. We therefore reject the contention that the court was without authority to impose a 10-year sentence. However, "when a probationer is sentenced to serve time in a penal institution for the offense for which he has spent time on probation, that probation time must be credited to any sentence received, including cases involving first offender probation." *Stephens v. State,* supra, at 837. As no credit was given for time served on probation, the case is remanded to the trial court for a proper adjustment of the sentence.

*Judgment affirmed in part and reversed in part. McMurray,*

*P. J., and Birdsong, J., concur.*

Decided September 17, 1982 —
Rehearing denied October 14 and November 9, 1982.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney, Robert Engelhart, Assistant District Attorney,* for appellee.