## 66253. PALMER v. THE STATE.

SOGNIER, Judge.

Appellant was charged with possession of cocaine and on June 14, 1982 was adjudicated a First Offender. Appellant was then placed on probation for six years. On December 17, 1982 appellant's probation officer filed a Petition for Adjudication of Guilt and Imposition of Sentence in First Offender Case, alleging that appellant had been indicted by a Federal grand jury for possession of marijuana with intent to distribute and for importing marijuana into the United States. After an evidentiary hearing the trial court granted the petition, entered an adjudication of guilt and sentenced appellant to 15 years confinement. On appeal Palmer contends the trial court erred by denying his motion to suppress evidence and by entering an Order of Adjudication of Guilt against him.

On November 28, 1982 Wade Nolan, a United States customs control officer, was in a patrol boat near Sapelo Sound and received information from the United States Coast Guard that a shrimp boat had made contact with a coastal freighter and was headed toward Sapelo Sound. The shrimp boat turned and headed back to sea when it neared the sound and the customs boat approached. Nolan intercepted and stopped the shrimp boat "Gigi" and found seven men, including appellant, on board. None of the men would admit who was captain of the Gigi, so the ship was boarded and 710 bales of marijuana were found in the hold, engine room and forward hatch. It

was later determined that Joseph Saunds was captain of the boat.

1. Appellant contends it was error to deny his motion to suppress the marijuana found on the Gigi because the customs officers violated the Fourth and Fourteenth Amendments to the Constitution of the United States when they stopped, boarded and searched the boat without probable cause.

19 USC § 1581 (a) provides, in pertinent part: "Any officer of the customs may at any time go on board of any vessel . . . within the customs waters . . . and examine the manifest and other documents and papers and examine, inspect, and search the vessel . . . and every part thereof and any person, trunk, package, or cargo on board, and to this end may hail and stop such vessel . . . and use all necessary force to compel compliance."

Under this statute customs officers may make investigatory stops of vessels on inland waters if they are aware of articulable facts which justify *a reasonable suspicion* of illegal activity. United States v. Gollwitzer, 697 F2d 1357, 1359 (1, 2) (1983). In the instant case Nolan had information that the Gigi might be engaged in narcotics activity; the shrimp boat had made contact with a coastal freighter, which was unusual; the Gigi turned and headed back to sea as the customs boat approached; seven males were on board the Gigi, which was unusual for a shrimp boat; and none of the persons on board would state who was captain of the Gigi. These are articulable facts raising a reasonable suspicion that the Gigi might be engaged in illegal activity, thus authorizing an investigatory stop. Id. Once aboard, Nolan detected the odor of marijuana which gave the customs officers probable cause to search the boat without a warrant. Gollwitzer, supra at 1362 (14, 15).

Further, Joseph Saunds was captain of the ship and thus, appellant had no standing to object to the search. United States v. Williams, 617 F2d 1063, 1084 (1980). The right to be free from unlawful searches and seizures, guaranteed by the Fourth Amendment, is applicable only when a defendant's legitimate expectation of privacy is violated. United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619) (1980). As a crewman or passenger, appellant had no legitimate expectation of privacy aboard the Gigi. Williams, supra. Accordingly, it was not error to deny the motion to suppress.

2. The evidence was admitted properly and was more than sufficient to support a finding that appellant was engaged in criminal activity, thus warranting revocation of his probation and entry of an adjudication of guilt. *Johnson v. State,* 161 Ga. App. 506, 507 (2) (288 SE2d 366) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Douglas W. Alexander,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.