68677. O'REE v. THE STATE.
(322 SE2d 89)

BANKE, Presiding Judge.

The defendant pled guilty to two counts of theft by taking in March of 1982, and she was placed on probation for two years and ten months pursuant to the First Offender Probation Act (Ga. L. 1968, p. 324, former Code Ann. § 27-2727). As a special condition of her probation, she was required to spend 60 days in the Fulton County Jail beginning April 26, 1982. Her probation was thereafter revoked on February 9, 1984; and she was sentenced to confinement for one year, to be followed by four years' probation. She contends on appeal that this constituted an impermissible increase in her original sentence and that the trial court failed to give her credit for the time already served in jail and on probation. With respect to the former contention, she argues that, because the First Offender Act as it existed in March 1982 did not list confinement as a feature of first offender treatment, she did not actually receive such treatment but instead received an ordinary sentence which could not be increased. *Held*:

1. The First Offender Act, as it existed in March of 1982, provided as follows: "Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation as provided by Article 2 of this chapter. Upon violation by the defendant of the terms of probation or upon a conviction for another crime, the court may enter an adjudication of guilt and proceed as otherwise provided by law. No person may avail himself of this article on more than one occasion." Former Code Ann. § 27-2727 (Ga. L. 1968, pp. 324, 325). The Act was amended effective November of 1982 to pro-

vide for confinement as a permissible condition of first-offender treatment. Ga. L. 1982, p. 1807 (OCGA § 42-8-60).

Although the statute did not specifically provide for confinement as a condition of first-offender treatment at the time the court originally sentenced the defendant, we are not persuaded that this vitiated the first offender aspect of that sentence. In a strict legal sense, first-offender treatment does not constitute a sentence at all. "Rather, under the Act 'sentence' is deferred while the defendant is given an opportunity by the trial court to show that he is capable of comporting himself as a responsible, law-abiding citizen; i.e., he is given a chance to rehabilitate himself without the stigma of a felony conviction. *State v. Wiley*, 233 Ga. 316 (210 SE2d 790) (1974). If he successfully fulfills the terms of his probation, 'the defendant shall be discharged *without court adjudication of guilt.* (Emphasis supplied.)' Code Ann. § 27-2728." *Johnson v. State*, 161 Ga. App. 506, 509 (288 SE2d 366) (1982) (Pope, J., concurring specially). We note that the original condition of confinement in this case was one that the defendant consented to at the time her first-offender treatment was imposed, and it is clear beyond doubt that no adjudication of guilt was entered at that time. Accordingly, we hold that the trial court did not err in revoking the first-offender treatment, entering an adjudication of guilt, and imposing a sentence which was harsher than the terms originally imposed. See *State v. Wiley*, 233 Ga. 316, supra.

2. The record before us shows that the defendant was informed at the time of the first-offender hearing that, should her probation be revoked, she could be sentenced to the maximum punishment for the offenses with credit for time served on probation. It is also clear that such credit was given. Accordingly, the defendant's second enumeration of error is also without merit. See *Griffin v. State*, 163 Ga. App. 871 (3) (295 SE2d 863) (1982).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 6, 1984.

*A. Michael Washington*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.