## 77378. PARKER v. THE STATE.
(374 SE2d 230)

McMurray, Presiding Judge.

On March 13, 1987, defendant pleaded guilty to two felony offenses — forgery in the first degree and burglary. Thereafter, at the guilty plea hearing, the superior court discussed the imposition of sentence. Defendant's counsel informed the superior court judge that defendant desired first offender treatment. No immediate ruling was made upon that request. Instead, it was determined that defendant would be placed on probation for five years and be required to make restitution with regard to each offense. Defendant was advised that he was entitled to have the sentences reviewed by the superior court sentence review panel. Then, at the conclusion of the hearing, the superior court informed defendant that it would allow him to have first offender treatment as to both offenses. At no point was defendant advised of the ramifications of first offender treatment by the superior court.

The forms which were used to impose the sentences upon defendant were identical with respect to each felony offense. In pertinent part, they read: "FIRST OFFENDER TREATMENT. WHEREAS, the above-named *defendant has been found guilty* of the above-stated offense, and WHEREAS, said defendant has not previously been convicted of a felony nor availed himself of the provision of the First Offender Act (Ga. Laws 1968, p. 324). NOW, THEREFORE, the defendant consenting hereto, it is the judgment of the Court that *no judgment of guilt be imposed at this time*, but that further proceedings are deferred and defendant is hereby sentenced to confinement for the period of ___ and/or placed on probation for the period of *5 yrs.* from this date provided that said defendant complies with the following general and special conditions herein imposed by the Court as part of this sentence; PROVIDED, further, that *upon violation of the terms of probation, the Court may enter an adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law.* Upon fulfillment of the terms of probation, or upon release of the defendant by the Court prior to the termination of the period thereof, the defendant shall stand discharged of said offense charged and shall be completely exonerated of guilt of said offense charged . . . . IT IS THE FURTHER ORDER of the Court, and the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. *If such probation is revoked, the Court may order the execution of the sentence which was originally imposed* by committing the offender to the custody of the State Department of Corrections." (Emphasis supplied.)

On March 11, 1988, following a probation revocation hearing, defendant's probation was revoked. Thereupon, defendant was adjudged guilty and sentenced to confinement for a period of 10 years for each felony offense.

Defendant sought, and we granted, discretionary review. This appeal followed. *Held*:

The forms used in sentencing defendant on March 13, 1987, are ambiguous at best. On the one hand, it appears that first offender treatment is granted: The forms provide that no judgment of guilt is being imposed and that the court may sentence defendant to the maximum term upon the violation of probation and an adjudication of guilt. On the other hand, it appears that first offender treatment is not granted: The forms provide that defendant has been found guilty and that upon the revocation of probation the original sentence may be imposed by the court.

"If there is any doubt as to the effect of a criminal sentence the defendant will be given the benefit of such doubt. *Buice v. Bryan*, 212 Ga. 508 (93 SE2d 676) (1956). An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed. *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978)." *Stephens v. State*, 245 Ga. 835, 837, 838 (268 SE2d 330). Accord *Lillard v. State*, 156 Ga. App. 54, 56 (274 SE2d 96).

Defendant was not informed that he could be sentenced to the maximum term authorized by law if he violated probation at the time sentence was imposed. See in this connection OCGA § 42-8-61. Accordingly, defendant was entitled to rely on the sentencing forms. *Stephens v. State*, 245 Ga. 835, 838, supra.

Resolving any doubt as to the effect of the forms in favor of defendant, *Stephens v. State*, supra, we must conclude that defendant was adjudicated guilty and *sentenced to five years* on probation at the time he entered his original pleas. (Our conclusion is bolstered by the fact that defendant was advised he had a right of sentence review at the original hearing. Sentences of five or more years can be reviewed only after *conviction* and the imposition of sentence. OCGA § 17-10-6.) It follows that the superior court erred in imposing 10-year sentences following the probation revocations. *Stephens v. State*, supra. See *Johnson v. State*, 161 Ga. App. 506 (288 SE2d 366).

*Judgment affirmed as to the revocation; judgment reversed as to the sentence and the case is remanded for a proper sentence to be entered. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 6, 1988.

*E. Earl Seals*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney,* for appellee.