### A10A0137. OTUWA v. THE STATE.
#### (693 SE2d 610)

MIKELL, Judge.

In January 2004, Otuwa Otuwa entered a negotiated guilty plea to burglary (Count 1), criminal damage to property (Count 7), and criminal trespass (Count 8). The trial court granted his request for first offender probation and sentenced him to eight years on Count 1, three years on Count 7, and twelve months on Count 8, all terms to run concurrently. In 2008, Otuwa was indicted on three counts of vehicular homicide, resulting in revocation of his probation for the 2004 offenses. The court adjudicated Otuwa guilty of the 2004 offenses and sentenced him to an aggregate of 22 years, including 12 to serve on Count 1. We granted his application for discretionary review to consider his contention that the trial court lacked authority to increase the sentence originally imposed upon him in 2004. Finding no error, we affirm.

The record shows that Otuwa was ordered to complete a "boot camp" program as a condition of his probation. In January 2007, the trial court entered an amended sentencing order, indicating that Otuwa "was sentenced . . . to 8 years probation . . . under [the] First Offender Act"; that he had "performed well while on probation"; and that he would not be required to complete the "boot camp" program. The following year, in August 2008, Otuwa was indicted on three counts of vehicular homicide arising out of the deaths of two victims, as well as driving under the influence of alcohol, driving too fast for conditions, reckless driving, and failure to maintain lane. Based on that indictment, the state filed a Petition for Adjudication of Guilt and Imposition of Sentence in the 2004 case. Following a hearing, the trial court found that Otuwa had violated the conditions of his probation by committing the indicted offenses. At the sentencing hearing, the court adjudicated Otuwa guilty of the 2004 offenses and sentenced him to an aggregate of 22 years, including 12 to serve in prison for the burglary and the rest on probation. The court ordered that Otuwa be given credit for probation served from January 2004.

1. On appeal, Otuwa argues that the trial court lacked authority to increase the sentence imposed in 2004 because that sentencing document was ambiguous. In the sentencing portion of the final disposition form, the court entered a felony sentence, providing that the defendant had been found guilty, was sentenced to confinement,

and could serve the sentence on probation. On the other hand, the court also checked the box marked "First Offender Treatment." That paragraph contained spaces for the court to impose confinement and/or probation, but those spaces were left blank. The paragraph stated that *"upon violation of the terms of probation, the Court may enter and [sic] adjudication of guilt and proceed to sentence defendant to the maximum sentence provided by law."* The bottom of the final disposition stated, however, that if probation were revoked, "the Court may order the execution of *the sentence which [was] originally imposed or any portion thereof* in the manner provided by law."

Otuwa is correct that "sentences for criminal offenses should be certain, definite, and free from ambiguity; and where the contrary is the case, the benefit of the doubt should be given to the accused."[1] In the instant case, the sentencing form was ambiguous given that both the first offender treatment box and the felony sentence box were checked. But the ambiguity in the form is not fatal to the court's imposition of a sentence greater than the original one because Otuwa was informed at the plea hearing in 2004 that he could be sentenced to the maximum term authorized by law if he violated the terms of his probation.[2] "An accused is entitled to rely on the provisions set forth in the sentencing document *if he is not informed to the contrary when the sentence is imposed.*"[3]

In the case at bar, Otuwa was informed at the plea hearing that the maximum sentence for Counts 1, 7, and 8 was 26 years. As the following colloquy reveals, the prosecutor clearly informed Otuwa of the consequences of entering a plea under the First Offender Act:

> [STATE]: Do you understand that while it [the First Offender Act] has some benefits for you, it has some consequences as well[,] in that if you get into trouble during that

---

[1] (Citation and punctuation omitted.) *Merneigh v. State*, 271 Ga. 883, 884 (525 SE2d 362) (2000).

[2] See OCGA § 42-8-61: "The defendant shall be informed of the terms of this article at the time of imposition of sentence."

[3] (Citation omitted; emphasis supplied.) *Stephens v. State*, 245 Ga. 835, 838 (268 SE2d 330) (1980). Accord *Mays v. State*, 262 Ga. 90, 92-93 (2) (a) (414 SE2d 481) (1992); *Beeks v. State*, 169 Ga. App. 499 (1) (313 SE2d 760) (1984); *Griffin v. State*, 163 Ga. App. 871 (3) (295 SE2d 863) (1982). Compare *Parker v. State*, 188 Ga. App. 738, 739 (374 SE2d 230) (1988) (ambiguity in sentencing form precluded increase in original sentence upon probation violation because defendant was not informed at time of sentencing that he could be sentenced to maximum term); *Dean v. State*, 177 Ga. App. 123, 127 (5) (338 SE2d 711) (1985) ("Defendant has the right to rely upon the terms of the sentencing document, there being no evidence of record that defendant was informed at the time of sentencing of anything contradictory thereof") (citations and emphasis omitted); *Johnson v. State*, 161 Ga. App. 506, 509-510 (288 SE2d 366) (1982) (Pope, J., concurring specially) (record did not reflect that defendant was informed of consequences of violation of first offender probation).

probationary period, you can be brought back before His Honor and adjudicated guilty and sentenced to the maximum allowable under the law?

DEFENDANT OTUWA: Yes, sir.

[STATE]: Do you still wish to request the judge accept your plea under the First Offender Act?

DEFENDANT OTUWA: Yes, sir.

As Otuwa was informed when the first offender probation sentence was pronounced that, upon an adjudication of guilt, he could be sentenced to the maximum allowable under the law, we conclude that the trial court was authorized to increase the sentence originally imposed upon him.[4]

2. Alternatively, Otuwa argues that the trial court lacked authority to increase the original sentence because he was sentenced to confinement pursuant to OCGA § 42-8-60 (a) (2). This argument relies on *Tallant v. State*,[5] wherein we noted that when sentencing a defendant under the First Offender Act, the court has two options: it may "(1) defer further proceeding and place [the] defendant on probation as provided by law; or (2) sentence the defendant to a term of confinement as provided by law."[6] We held in *Tallant* that if the defendant is sentenced under the first option, then upon an adjudication of guilt, he may be sentenced to the maximum that the law allows.[7] *Tallant* also states, however, that if a defendant is sentenced under the second option, then the execution of his sentence has merely been suspended, thereby implying that his original sentence could not be increased.[8]

*Tallant* does not control the outcome of this appeal for two reasons. First, the case deals with a different issue, i.e., the revoking court's obligation to credit the defendant with time already served on first offender probation, which was done here. Second, the record in this case contains an amended sentencing order reflecting that Otuwa had been sentenced to first offender probation and relieving him of undergoing the boot camp portion of his probation. The amended order clarified and reiterated Otuwa's first offender status.[9] Accordingly, *Tallant* is distinguishable, and the trial court was

---

[4] See *Roland v. Meadows*, 273 Ga. 857, 858-859 (1) (548 SE2d 289) (2001).

[5] 187 Ga. App. 138 (369 SE2d 789) (1988).

[6] (Punctuation omitted.) Id. at 139, citing OCGA § 42-8-60 (a).

[7] Id. Accord *McKinney v. State*, 240 Ga. App. 812, 814 (2) (525 SE2d 395) (1999).

[8] *Tallant*, supra, citing OCGA § 42-8-34 (c).

[9] Cf. *Roland*, supra at 860 (1) (suggesting that courts eliminate the portion of the first offender sentencing form that tracks the following language of OCGA § 42-8-38 (c): "If such probation is revoked, the court may order the execution of the sentence which is originally

authorized to impose the sentence at issue.
*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 6, 2010.

*Frank C. Winn*, for appellant.
*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.