### A11A0879. KAYLOR v. THE STATE.
(719 SE2d 530)

MILLER, Presiding Judge.

In 2002, William Charles Kaylor pled guilty to two counts of child molestation (OCGA § 16-6-4 (a) (1)) and was sentenced under the First Offender Act (OCGA § 42-8-60) to fifteen years to serve four years in confinement and the balance on probation. In 2010, after Kaylor was released from confinement and while on probation, the trial court revoked his probation, adjudicated him guilty of the offenses, and sentenced him to twenty years to serve fifteen years in confinement, followed by five years' probation, as to one count and a consecutive probation term of twenty years as to the second count. On appeal, Kaylor contends that the trial court's sentence was improper since it lacked the authority to enter an adjudication of guilt because he was automatically discharged under the First Offender Act when he was released from confinement. Kaylor also

---

contends that the trial court lacked the authority to increase the sentence originally imposed upon him in 2002. He also contends that the court erred by failing to give him credit for time served and, therefore, his sentence exceeded the statutory maximum. Finding no error, we affirm.

1. Kaylor argues that, when he was initially sentenced under the First Offender Act, he could be sentenced only to confinement or probation, but not both, and that because he was sentenced to confinement, he was automatically discharged under the First Offender Act upon his release. Kaylor further asserts that, once he was discharged, he could not be subsequently adjudicated guilty and resentenced. We disagree.

The First Offender Act provides that, under certain circumstances, "the court may, without entering a judgment of guilt and with the consent of the defendant: (1) [d]efer further proceeding and place the defendant on probation as provided by law; or (2) [s]entence the defendant to a term of confinement as provided by law." OCGA § 42-8-60 (a).

Here, Kaylor was initially sentenced under the First Offender Act to fifteen years confinement, with the first four years to be served in confinement and the balance to be served on probation. Kaylor's claim that the "explicit language of OCGA § 42-8-60 (a) allows for either probation or confinement, but not both, has already been decided adversely to [him]." (Punctuation and footnote omitted.) *Mason v. State*, 310 Ga. App. 118, 119 (1) (712 SE2d 76) (2011) (holding that the trial court did not violate the First Offender Act by imposing a 15-year probated sentence, which included, as a special condition, confinement in a detention center for a designated time). This is because the First Offender Act incorporates the probation provisions of OCGA § 42-8-34 (c), which authorizes the trial court to "stay and suspend the execution of the sentence or any portion thereof or may place him on probation[.]" See *Tallant v. State*, 187 Ga. App. 138, 139 (369 SE2d 789) (1988). Moreover, the trial court has authority to suspend or probate all or any part of the entire sentence. OCGA § 17-10-1 (a) (1); see *Penaherrera v. State*, 211 Ga. App. 162, 163 (1) (438 SE2d 661) (1993).

There is also no merit to Kaylor's contention that he was automatically discharged under the First Offender Act when he was released from confinement. OCGA § 42-8-62 (a) provides that

[u]pon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt . . . and the

defendant shall not be considered to have a criminal conviction.

A defendant is automatically discharged upon the successful completion of the terms of his sentence. See, e.g., *Humphreys v. State*, 287 Ga. 63, 70-71 (4) (694 SE2d 316) (2010); *Ailara v. State*, 311 Ga. App. 862 (717 SE2d 498) (2011).

In this case, however, Kaylor did not complete his sentence because he had not finished his term of probation. See, e.g., *Jones v. State*, 154 Ga. App. 581, 583 (3), n. 1 (269 SE2d 77) (1980) (stating that probation is a form of service of a sentence); *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992) (stating that a defendant is on probation when he is sentenced to other forms of confinement that do not involve incarceration). Where, as here, a defendant has been sentenced to probation, the trial court retains jurisdiction throughout the period of the probation, and it may revoke his first offender status, enter an adjudication of guilt, and resentence the defendant on the underlying offense based on his violations of probation. OCGA § 42-8-60 (b); *Ailara*, supra, 311 Ga. App. at 862; see also OCGA §§ 42-8-34 (g) ("The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of the person's probated sentence."); 17-10-1 (a) (5) (A) (same). Moreover, the trial court is "empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or . . . modify or change the probated sentence. . . ." OCGA § 42-8-34 (g). Because Kaylor was still serving his probated sentence, the trial court had the authority to revoke his first offender status and enter an adjudication of guilt for his violations of probation. OCGA §§ 42-8-60 (b); 42-8-34 (g); *Ailara*, supra, 311 Ga. App. at 862.

2. Kaylor argues that the trial court lacked the authority to increase the sentence imposed in 2002 because he was sentenced to confinement pursuant to OCGA § 42-8-60 (a) (2). We disagree.

Because Kaylor was serving the probationary period of his sentence, he was subject to OCGA § 42-8-60 (b). *Roland v. Meadows*, 273 Ga. 857, 858 (1) (548 SE2d 289) (2001). The Court in *Roland* found that "[w]hen a first offender probationer violates the terms of his probation and the trial court enters an adjudication of guilt, the court may impose any sentence permitted by law for the offense the probationer has been found guilty of committing." Id. (citing OCGA § 42-8-60 (b)). A trial court is authorized to increase the first offender sentence provided that (1) the accused was informed of that eventuality at the time the initial sentence was pronounced and (2) any time served prior to an adjudication of guilt must be credited to any new sentence. Id. at 859 (1); *Grinstead v. State*, 269 Ga. App. 820, 823 (2) (605 SE2d 417) (2004).

Here, Kaylor was informed at the plea hearing that if he violated the conditions of his probation and the court adjudicated him guilty of the two child molestation offenses, he could be resentenced to a maximum total of forty years — twenty years per count. OCGA § 16-6-4 (b) (1) (providing that the maximum sentence for a first offense of child molestation is 20 years). The trial court's written sentencing form expressly provided that

> upon violation of the terms of probation, the Court may enter an adjudication of guilt and proceed to sentence defendant to *the maximum sentence provided by law*.

(Emphasis supplied.) At the resentencing hearing, the trial court told Kaylor that he was entitled, as a matter of law, to receive credit for the time served on his first offender sentence, and that the Department of Corrections controlled that calculation. On the resentencing forms, the court included the abbreviation "CTS," which meant credit for time served when construed consistently with the trial court's oral pronouncement of the sentence. Although Kaylor argues that the resentencing form also contained the phrase "above and beyond," which has been disapproved of in some contexts,[1] the court's statements at the resentencing hearing sufficiently explained that Kaylor would receive credit for time previously served, and that the 20-year sentence was not in addition to the time previously served. See *Roland*, supra, 273 Ga. at 859 (2) (holding that, notwithstanding the "above and beyond" language on the disposition form, the discussion at resentencing revealed that the trial court understood its obligation to and its intent to give the defendant credit for time served). Compare *McKinney v. State*, 240 Ga. App. 812, 815 (3) (525 SE2d 395) (1999) (remanding case for trial court to give defendant credit for time served because the record was unclear on that issue); *Couch v. State*, 246 Ga. App. 106, 107 (1) (539 SE2d 609) (2000) (remanding for resentencing because trial court did not give defendant credit for time served).

Kaylor nevertheless relies on our ruling in *Otuwa v. State*, 303 Ga. App. 410 (693 SE2d 610) (2010), construing *Tallant* as stating that "if a defendant is sentenced under [OCGA § 42-8-60 (a) (2)], then the execution of his sentence has merely been suspended, thereby implying that his original sentence could not be increased." (Punctuation and footnote omitted.) *Otuwa*, supra, 303 Ga. App. at 412 (2). His reliance in this regard is misplaced. In *Otuwa*, we further held that *Tallant* does not control in situations where, as here, the

---

[1] *Roland*, supra, 273 Ga. at 859 (2).

revoking court credited the defendant with time served in first offender status. *Otuwa*, supra, 303 Ga. App. at 412 (2). Likewise, to the extent Kaylor relies on *McKinney*, supra, 240 Ga. App. at 815 (3), that case is inapposite, because we specifically declined to address the possible effect of sentencing under subsection (a) (2) in that case. *McKinney*, supra, 240 Ga. App. at 814 (2).

Because the trial court, when pronouncing Kaylor's first offender sentence, advised him that, upon adjudication of guilt, he could be resentenced to the statutory maximum of forty years for two counts of child molestation, and that the time served would be credited against his new sentence, we conclude that the trial court was authorized to increase the sentence originally imposed on him. *Roland*, supra, 273 Ga. at 859 (2).

3. In his last enumeration of error, Kaylor contends that we should remand for resentencing because the record is unclear whether the trial court properly credited his time spent in confinement and probation against his new sentence, and that his present sentence would exceed the maximum 20-year sentence per count of child molestation if he did not receive credit for time served. Kaylor's argument is without merit.

Based on our discussion in Division 2, we conclude that the trial court unambiguously stated that it intended to give Kaylor credit for time previously served. Kaylor's argument that the trial court should have expressly calculated the time for which he was to receive credit is without merit. We have held that the Department of Corrections, not the trial court, is responsible for computing a defendant's credit for time served. See, e.g., *Williams v. State*, 300 Ga. App. 319, 320 (684 SE2d 432) (2009) (finding no support for proposition that trial court is required to compute jail time).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED NOVEMBER 16, 2011.

*Robert R. McNeill, Sara D. Sibley, Brett M. Willis, H. Bradford Morris, Jr.*, for appellant.

*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.