# Court of Appeals
# of the State of Georgia

ATLANTA,  August 21, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1693. JOSEPH HERNDON v. THE STATE.**

In 1998, a Fulton County jury convicted Joseph Herndon of one count of armed robbery and two counts of aggravated assault. The trial court sentenced him to 3 concurrent sentences of 20 years to serve, consecutive to a sentence he was then currently serving for crimes committed in Douglas County. His convictions were affirmed on appeal. *Herndon v. State*, 253 Ga. App. 543 (559 SE2d 749) (2002). In 2017, Herndon filed a "Motion to Correct a Void Sentence," arguing that OCGA § 17-10-6.1 precluded the Fulton County trial court from entering his sentences consecutively to his sentence imposed by Douglas County.[1] The trial court denied the motion, and Herndon filed this appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range

---

[1] Herndon previously filed a motion to correct void sentence in 2010, but we dismissed as untimely his subsequent appeal from the denial of that motion. See Case No. A11A0435 (dismissed Nov. 3, 2010).

of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

The version of OCGA § 17-10-6.1 (b) in effect at the time of Herndon's 1998 convictions provided that, for certain offenses such as armed robbery, "no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court[.]" Herndon equates deferment and withholding with running a sentence consecutively. Here, Herndon's sentences were not deferred or withheld, but were imposed consecutively. See, e. g., *O'Ree v. State*, 172 Ga. App. 51, 52 (1) (322 SE2d 89) (1984) (a sentence is deferred when the sentence is not imposed). And Georgia law clearly recognizes the authority of a judge to impose consecutive sentences. See *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010) (holding that there is no constitutional right to concurrent, rather than consecutive, sentences and that a trial court has discretion to impose consecutive or concurrent sentences as long as the sentence for each offense is within the statutory limits); OCGA § 17-10-10 (b) ("Where a person is convicted on more than one indictment or accusation . . . in different courts, and sentenced to imprisonment, the sentences shall be served concurrently, one with the other, unless otherwise expressly provided therein."). Additionally, 20-year terms on convictions for armed robbery and aggravated assault fall within statutory limits. OCGA § 16-8-41 (b) (armed robbery); OCGA § 16-5-21 (b) (aggravated assault).

Because Herndon has not raised a colorable void sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/21/2019__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*