**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2019**

# In the Court of Appeals of Georgia

A19A1387. COLEMAN v. THE STATE.

DILLARD, Presiding Judge.

Anthony Coleman appeals his conviction for making a false statement, arguing that the trial court erred in denying his motion for an order of exoneration and restriction of access to his criminal records under Georgia's First Offender Act because his sentence was ambiguous. For the reasons set forth *infra*, we affirm.

Following a jury trial, Coleman was convicted of one count of making a false statement, but acquitted of the remaining counts in the indictment. And on May 16, 2016, Coleman was sentenced to five years of probation and a fine of $1,000. Then, on August 22, 2018, Coleman filed a "Motion to Terminate Probation and Enter An

Order of Exoneration and [a] Motion Pursuant to [OCGA] § 42-8-62.1[1] to Restrict Access to the Criminal Records in the Above-Styled Case." In the motion, Coleman alleged that he had completed his required community service, paid $750 of the fine and was prepared to pay the balance, and had been released for active probation supervision. Coleman also claimed that he had no prior criminal record before the sentence imposed in this case, and that he had faithfully performed the statutory requirements necessary for the court to grant his requests. In sum, Coleman contended that his "probation should be terminated and a conditional discharge/first offender should be entered pursuant to [OCGA] § 42-8-60 as 'not guilty[,]'" and "[a]ccess to the conditional discharge/first[-]offender sentence should be restricted pursuant to [OCGA] § 42-8-62.1 (b) (1)."

The trial court held a hearing on Coleman's motion, at which the State did not oppose his request to terminate probation. But Coleman's other requests were based on his alleged status as a first offender,[2] and the State disputed that he was sentenced

---

[1] *See* OCGA § 42-8-62.1 (b) (1) ("At the time of sentencing, or during the term of a sentence that was imposed before July 1, 2016, the defendant may seek to limit public access to his or her first offender sentencing information . . . .").

[2] *See Austin v. State*, 343 Ga. App. 118, 118 n.2 (807 SE2d 1) (2017) ("Pursuant to OCGA § 42-8-60 (2009), Georgia's first offender law, for a defendant without prior felony convictions, a court may defer entering a judgment of guilt and

2

as a first offender. In response, Coleman argued that his sentencing order was ambiguous as to whether he was adjudicated guilty or sentenced as a first offender and that this ambiguity must be resolved in his favor. The State disagreed, contending, *inter alia*, that the sentencing form was not ambiguous and the court was not authorized to sentence Coleman as a first offender because he was ineligible for such status at the time his sentence was entered. Ultimately, the trial court granted Coleman's request to terminate his probation, but denied his other requests. This appeal follows.

Coleman's sole argument on appeal is that the trial court erred in denying his motion for an order of exoneration and restriction of access to his criminal records under the First Offender Act because his sentence was ambiguous and should be construed in his favor. We disagree.

---

place the defendant on probation or in confinement. After a defendant who has been sentenced as a first offender under this statute either completes the terms of his or her probation, receives early termination of his or her probation by the court, or is released from confinement, he or she shall be exonerated of guilt and shall stand discharged as a matter of law." (punctuation and citation omitted)).

3

As indicated by the title of the First Offender Act, defendants are not entitled to be sentenced as a first offender more than once.[3] And here, while Coleman alleged in his motion that he had no prior criminal record, at his 2016 sentencing hearing, his trial counsel informed the court, without prompting, that Coleman was ineligible for first-offender status. Specifically, in his closing argument, Coleman's counsel stated: "I don't know how many times [Coleman] got arrested, but he has one prior conviction. Unfortunately[,] he used his first offender in that, so he's not eligible for first offender. So by this sentence[,] . . . he would be a *convicted felon*."[4] Thus, Coleman admitted that the trial court was not authorized to sentence him under the Act because he had been given first-offender status in a prior proceeding. But regardless of whether Coleman qualified for first-offender status, his sentencing form unambiguously shows that he was not sentenced as a first offender.

---

[3] *See* Former OCGA § 42-8-60 (b) (2012) ("No person may avail himself or herself of this article on more than one occasion."). Coleman was sentenced on May 16, 2016, and the current version of OCGA § 42-8-60 did not become effective until July 1, 2016. *See* Ga. Laws. 2016, Act 460, § 6A-1. Thus, the former version of the statute applied when Coleman was sentenced. That said, the current version of the statute contains a provision identical to the one at issue. *See* OCGA § 42-8-60 (l).

[4] (Emphasis supplied).

4

Turning to the merits of his argument on appeal, Coleman is correct that sentences for criminal offenses should be "certain, definite, and free from ambiguity; and [when] the contrary is the case, the benefit of the doubt should be given to the accused."[5] And here, Coleman contends that the following language on the sentencing form creates an ambiguity as to whether he was sentenced as a first offender: "The Defendant is adjudged guilty *or* sentenced under First Offender/Conditional Discharge for the above-stated offense(s) . . . ."[6] But this sentence merely establishes that Coleman was either being adjudged guilty *or* sentenced as a first offender, not both. Moreover, this statement is entirely consistent with Georgia law because when a defendant is sentenced as a first offender, "there is no adjudication of guilt [and] there is no conviction."[7] Additionally, the sentencing form indicates, in bold print, that the "[d]isposition]" of the charged offense is "Guilty." And while the box on the form indicating the defendant was being sentenced as a repeat offender is not

---

[5] *Merneigh v. State*, 271 Ga. 883, 884 (525 SE2d 362) (2000) (punctuation omitted); *accord Otuwa v. State*, 303 Ga. App. 410, 411 (1) (693 SE2d 610) (2010).

[6] (Emphasis supplied).

[7] *Davis v. State*, 269 Ga. 276, 278 (2) (496 SE2d 699) (1998); *see Manner v. State*, 302 Ga. 877, 888 (III) (808 SE2d 681) (2017) ("[A] defendant who is sentenced as a first offender without an adjudication of guilt has not been 'convicted' . . . .").

5

checked, neither was the box indicating the defendant was a first offender. In sum, because a first-offender sentence is not an adjudication of guilt and Coleman's sentencing form indicates that he was being convicted of the charged offense, the form was not ambiguous as to whether Coleman received first-offender status, as it made clear that he did not.[8]

---

[8] *Cf. Haynes v. State*, 331 Ga. App. 104, 106-07 (769 SE2d 801) (2015) (holding that a defendant's sentence was ambiguous when neither the verdict form nor the jury charge specified whether he tampered with evidence to prevent his own apprehension, which is a misdemeanor, or whether he tampered with evidence to prevent apprehension of his co-defendant, which is a felony); *Otuwa*, 303 Ga. App. at 411 (1) (holding that "the sentencing form was ambiguous given that both the first offender treatment box and the felony sentence box were checked"); *Thomason v. State*, 199 Ga. App. 875, 876 (2) (406 SE2d 528) (1991) (holding that a sentence was ambiguous when the "defendant was sentenced to seven years, three to serve and two on probation, [and] the question remain[ed] as to what became of the two missing years of defendant's sentence"); *Parker v. State*, 188 Ga. App. 738, 739 (374 SE2d 230) (1988) (holding that the sentencing forms were ambiguous when, "[o]n the one hand, it appear[ed] that first[-]offender treatment [was] granted [because] [t]he forms provide that no judgment of guilt is being imposed and that the court may sentence defendant to the maximum term upon the violation of probation and an adjudication of guilt[,] [but] [o]n the other hand, it appear[ed] that first[-]offender treatment [was] not granted [because] [t]he forms provide that defendant has been found guilty and that upon the revocation of probation the original sentence may be imposed by the court").

For all these reasons, we affirm the trial court's denial of Coleman's motion for an order of exoneration and to restrict access to his criminal record.[9]

*Judgment affirmed. Gobeil and Hodges, JJ., concur.*

---

[9] We express our gratitude to Coleman's counsel, Roy E. Barnes, for handling his case *pro bono*.